[No. 35337.   Department Two.   September 8, 1960.]

PACIFIC INDEMNITY COMPANY, *Respondent*, v. WILLIAM THOMPSON *et al.*, *Defendants*, MARTHA MARGARET HARRIS, *Individually and as Administratrix, Appellant*.[1]

*Edwin R. Johnson*, for appellant.

*Guttormsen, Scholfield, Willits & Ager* (*Jack P. Scholfield*, of counsel), for respondent.

FOSTER, J.—Respondent insurance company, by declaratory judgment procedure, sought adjudication of the extent of its liability under a family automobile liability policy in which defendant William Thompson is the named insured. The judgment declares that the insurance is limited to ten thousand dollars for injury or death of one person. Martha Harris, both in her own right and as administratrix of her husband's estate, appeals. Her husband was killed in a collision with a car driven by the son of the insured William Thompson, which car was one of three covered by respondent's insurance policy.

[1] Reported in 355 P. (2d) 12.

■ Because the policy limits on each of the three cars owned by the Thompsons is ten thousand dollars, appellant contends that the maximum coverage is, therefore, three times that sum. The argument, based on condition No. 4 of the policy (which provides that all of the policy's terms shall apply separately to each described automobile), is that contributing coverage is thereby afforded. However, that provision merely assures the applicability of the policy to whichever car is involved in an accident, or to all the cars, and does no more.

The contract limits the company's liability for bodily injury or death of one person arising out of one occurrence to a maximum of ten thousand dollars, with no contribution from one coverage to another. The language is:

"The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence."

The quoted provision is not qualified by any other policy provision.

Affirmed.[2]

HILL, FINLEY, ROSELLINI, and HUNTER, JJ., concur.

[2]The same decision was made on this identical question by the California district court of appeal, June 9, 1960, in *Sullivan v. Royal Exchange Assurance*, 181 Cal. App. (2d) 644, 5 Cal. Rptr. 878.