JOAN POLLAND, an Infant, by Her Guardian ad Litem, ANGELINE SMITH, Appellant, v. ALLSTATE INSURANCE COMPANY, Respondent.

Third Department, January 21, 1966.

*Carroll & Amyot* (*James F. Carroll* of counsel), for appellant.

*Jerry, Lewis & Harvey* (*Norman L. Harvey* and *John L. Bell* of counsel), for respondent.

AULISI, J. This is an appeal from a judgment and order of the Supreme Court at Special Term, Schenectady County, entered in Saratoga County on September 2, 1965 which dismissed plaintiff's complaint.

The facts are not in dispute. The infant plaintiff who was injured while riding as a passenger in an automobile owned by one Di Vesto and operated by Thomas Haynes was awarded a verdict in the sum of $36,800. Earl H. Haynes, Thomas' father and with whom Thomas resided at the time of the accident, was the owner of an Allstate Insurance Company automobile insurance policy called a " Crusader Policy " with limits of liability of $10,000 for each person or $40,000 for each occurrence. The policy covered two automobiles owned by the father, a Thunderbird and a Volkswagen. Following the entry of judgment, the defendant paid plaintiff the sum of $9,086.42 which was her proportionate share of the $10,000 coverage under said policy. This action is brought to compel defendant to pay an additional $10,000 upon the theory that the defendant had issued, in effect, two separate policies and this is the sole question before us.

We are constrained to disagree with appellant's contention that defendant's policy with the two attached supplemental sheets constitutes in law two policies, one covering each of the insured cars, and affords Thomas Haynes coverage in the sum of $20,000. The original " Crusader Policy " and the two indorsements formed one contract and each person injured is limited to $10,000 (see *Government Employees Ins. Co.* v. *Lally,* 327 F. 2d 568). We find nothing uncertain or ambiguous in the provisions of the policy. In our view Condition " 3 " which provides that " When two or more automobiles are insured by this policy, the terms of this policy shall apply separately to each " means nothing more than to render applicable the policy to whichever car insured under the policy (the Thunderbird or the Volkswagen) is involved in an accident (see *Pacific Ind. Co.* v. *Thompson,* 56 Wn. [2d] 715). The cases relied upon by appellant are distinguishable. In *Loerzel* v. *American Fid. Fire Ins. Co.* (204 Misc. 115, affd. 281 App. Div. 735) the policy, commonly known as a fleet policy, covered approximately 20

18

automobiles owned by a trucking corporation and two trucks insured under the same policy were involved in the accident. In the other cases two or three separate and distinct policies were involved.

The judgment and order should be affirmed.

HERLIHY, J. P., REYNOLDS, TAYLOR and HAMM, JJ., concur.

Judgment and order affirmed, without costs.