**ALLSTATE INSURANCE COMPANY,**
**Plaintiff,**

v.

**Edward W. MOLE, Dale C. Mole, Sidney Kanter and Beverly A. Keith,**
**Defendants.**

Civ. No. 68–902.

United States District Court
S. D. Florida.

Oct. 22, 1968.

Dean, Adams, George & Wood, Miami, Fla., for plaintiff.

Norman Miller, Miami, Fla., for defendant Sidney Kanter.

Sullivan & Telepas, Miami, Fla., for defendants Edward W. Mole and Dale C. Mole.

Lloyd S. Marks, Miami, Fla., for defendant Beverly A. Keith.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO DISMISS; AND FINDINGS OF FACT AND CONCLUSIONS OF LAW

FULTON, Chief Judge.

THIS CAUSE came on to be heard pursuant to the Motions For Summary Judgment filed by each of the parties herein and the Motions to Dismiss of SIDNEY KANTER and BEVERLY A. KEITH and the court having heard argument of counsel, having considered the

pleadings and exhibits on file as well as the memoranda of law submitted by the parties hereto, and being otherwise duly advised in the premises of this action, enters this Order as supplemented by the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. ALLSTATE INSURANCE COMPANY filed the within Complaint For Declaratory Judgment in order to ascertain the extent of its liability under its Crusader automobile insurance policy No. 41344T918.

2. The policy was issued to ANDREW COOPER KEITH, the husband of BEVERLY A. KEITH, who was an additional insured under the said policy. The policy was in full force and effect on December 8, 1967, at which time BEVERLY A. KEITH was involved in an automobile accident with DALE C. MOLE while operating a vehicle owned by SIDNEY KANTER.

3. On or about December 21, 1967, EDWARD W. MOLE, the husband of DALE C. MOLE, filed a complaint against SIDNEY KANTER and BEVERLY A. KEITH in the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida, bearing case No. 67–19607. The complaint alleged among other things, that the accident on December 8, 1967, was due to the alleged negligence of BEVERLY A. KEITH operating the automobile of SIDNEY KANTER with his permission and consent and claimed damages in an amount in excess of $5,000.00 from BEVERLY A. KEITH and SIDNEY KANTER. In the said suit on the complaint filed, the said Circuit Court has jurisdiction to award damages up to and in excess of the coverage and limits of the Allstate Policy.

4. IOWA NATIONAL MUTUAL INSURANCE COMPANY had in full force and effect at the time of the said accident a policy wherein SIDNEY KANTER was the named insured and BEVERLY A. KEITH was an additional assured at the time of the accident. IOWA

NATIONAL MUTUAL has conceded that it is the primary policy with regard to this accident and ALLSTATE INSURANCE COMPANY has conceded that it is the excess policy with regard to this accident.

5. The Allstate Policy provided in pertinent part under Section I, Liability Protection, Part I:

"Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of:

A. Bodily injury sustained by any one person * * *

arising out of the ownership, maintenance or use, * * * of a non-owned automobile

* * * * * *

The limit of bodily injury liability stated on the Supplement Page for Coverage A as applicable to:

1. 'each person' is the limit of Allstate's liability for all damages arising out of bodily injury sustained by one person in any one occurrence;

* * * * * *

6. The limit of bodily injury liability stated on the Supplement Page of the said policy for Coverage A was $10,000.00 each person.

7. Three separately owned vehicles were insured under the Allstate Policy but none of these was involved in the accident on December 8, 1967.

8. Plaintiff claims that by virtue of the terms of its policy its only obligation under the policy is to indemnify defendants, SIDNEY KANTER and BEVERLY A. KEITH, up to the amount of $10,000.00 excess over IOWA NATIONAL MUTUAL INSURANCE COMPANY's limits for and on account of any judgment or judgments that EDWARD W. MOLE or DALE C. MOLE or other possible plaintiffs may obtain against them as a result of the December 8, 1967, accident.

9. Defendants contend that since there were three owned automobiles insured under the Allstate Policy, Allstate

is obligated under its policy to indemnify defendants, SIDNEY KANTER and BEVERLY A. KEITH, up to the amount of $30,000.00 for any judgment or judgments that EDWARD W. MOLE or DALE C. MOLE and other possible plaintiffs may obtain against them as a result of the December 8, 1967, accident.

10. ALLSTATE INSURANCE COMPANY, in doubt of it rights and obligations under the above-stated facts commenced this law suit.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter of this law suit by virtue of Title 28 U.S.C. Section 2201 and 2202. There is diversity of citizenship between the plaintiff and defendants and the amount in controversy, exclusive of interest and cost, exceeds $10,000.00.

2. The insurance policy issued by ALLSTATE INSURANCE COMPANY to ANDREW COOPER KEITH included as an additional insured BEVERLY A. KEITH, as the wife of ANDREW COOPER KEITH and the said policy provided coverage on an excess basis for the use by BEVERLY A. KEITH of a non-owned automobile.

3. The Allstate Policy is but one contract and the insurance afforded with respect to the use of a non-owned automobile is direct coverage and distinct from and independent of the coverage provided for the use of any or all of the owned automobiles insured under the policy. The insurance policy clearly provides that regardless of the number of owned automobiles insured under the policy the limit of the company's liability for the injury to any one person arising out of the use of a non-owned vehicle shall be the amount set forth in the Supplement Page of the policy. This amount is stated to be the sum of $10,000.00. Polland v. Allstate Insurance Company, 25 A.D.2d 16, 266 N.Y.S. 2d 286 (1966); Hilton v. Citizens Insurance Company of New Jersey, 201 So.2d 904 (1 D.C.A.1967) and Greer v. Associated Indemnity Corporation, 371 F.2d 29 (5th Cir. 1967). Condition No. 3 which appears on page 16 of the policy and which provides that "when two or more automobiles are insured by this policy, the terms of this policy shall apply separately to each * * *" is not ambiguous and does nothing more than render applicable the policy to whichever insured car is involved in the accident.

The cases relied on by defendants are inapplicable to the issue before the court. The case of Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla.1967) dealt with more than one policy in different companies and the decision is based on an interpretation of the uninsured motorist statutes of Florida. See Hilton v. Citizens Insurance Company of New Jersey, supra. The case of Government Employees Insurance Company v. Sweet, Fla.App., 186 So.2d 95 is concerned with the interpretation of the medical payments provisions of the policy and is unrelated to the liability provisions of the policy and is, therefore, inapplicable. See Hilton v. Citizens Insurance Company of New Jersey, supra, and Greer v. Associated Indemnity Corporation, supra.

4. The court having determined that there are no genuine issues of material fact insofar as the plaintiff, ALLSTATE INSURANCE COMPANY, it is entitled to a judgment as a matter of law, and having entered its Findings of Fact and Conclusions of Law, orders and adjudges:

1. That ALLSTATE INSURANCE COMPANY's Motion For Summary Judgment is hereby granted.

2. That Defendants' Motions To Dismiss and Motions For Summary Judgment are hereby denied.

3. That plaintiff, ALLSTATE INSURANCE COMPANY, is obligated to indemnify BEVERLY A. KEITH and SIDNEY KANTER up to the amount of $10,000.00 excess over the coverage provided by IOWA NATIONAL MUTUAL INSURANCE COMPANY's policy for and on account of any judgment or judgments that EDWARD W. MOLE or

DALE C. MOLE may obtain against them.

It is so ordered and counsel for ALL-STATE INSURANCE COMPANY shall submit an appropriate judgment in accordance herewith within ten (10) days from the date of this Order.