Argued October 11, reversed December 11, 1968

## CASTLE, *Respondent, v.* UNITED PACIFIC INSURANCE GROUP, *Appellant.*

448 P. 2d 357

*David P. Templeton,* Portland, argued the cause for appellant. With him on the briefs were Dusenbery, Martin, Beatty & Templeton and John C. Beatty, Jr., Portland.

*Tom Beck,* Salem, argued the cause for respondent. With him on the brief were Williams, Skopil, Miller & Beck, Salem.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

This is a declaratory judgment proceeding to determine the amount of insurance plaintiff has available to him on his uninsured motorist coverage with defendant. Defendant's policy, issued to plaintiff, provides coverage for two automobiles owned by plaintiff. Separate premiums are paid for the uninsured motorist coverage on each vehicle. The limits of liability for each vehicle is $5,000.

Plaintiff, while driving one of his covered vehicles, was involved in a collision with an uninsured motorist. In this proceeding plaintiff claims he is entitled to be paid $5,000 for the coverage on each of the two vehicles. The trial court agreed with him. Defendant appeals. We reverse.

In *Pacific Indem. Co. v. Thompson,* 1960, 56 Wash2d 715, 355 P2d 12, the Washington court had substantially the same question before it. The court held:

"Because the policy limits on each of the three cars owned by the Thompsons is ten thousand dollars, appellant contends that the maximum coverage is, therefore, three times that sum. The argument, based on condition No. 4 of the policy (which provides that all of the policy's terms shall apply separately to each described automobile), is that contributing coverage is thereby afforded. However, that provision merely assures the applicability of the policy to whichever car is involved in an accident, or to all the cars, and does no more." 56 Wash2d at p 716.

The same decision, relying in part on *Pacific Indem. Co. v. Thompson, supra,* was reached in *Polland v. Allstate Insurance Company,* 1966, 25 Ad2d 16, 266 NYS2d 286. We agree with the two cited decisions.

The premium paid and the coverage extended to each of the two automobiles was simply to provide this form of coverage for each of the insured vehicles. Plaintiff's reliance on *Lamb-Weston et al v. Ore. Auto. Ins. Co.*, 1959, 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485, and like cases does not help. The instant case is not a situation of two or more policies applying to the same vehicle. It is just the opposite, in that it is two distinct policy coverages, albeit in one policy, extending to two separate vehicles.

Reversed.