MOUNTEL ET AL., APPELLANTS, *v.* HARDWARE DEALERS
MUTUAL FIRE INS. CO., APPELLEE.

(No. 10897—Decided October 13, 1969.)

*Messrs. Keating, Muething & Klekamp,* for appellants.
*Messrs. McIntosh & McIntosh,* for appellee.

HESS, J. This is an appeal on questions of law from
the Court of Common Pleas, Hamilton County, Ohio, which
granted a motion for summary judgment on the pleadings
in favor of the defendant, appellee herein.

There is no substantial dispute on the facts from which
this action arose.

The plaintiffs, appellants herein, Robert J. Mountel
and Eleanor Kathleen Mountel, are husband and wife, and
will be referred to as Mr. and Mrs. Mountel when mentioned
as individuals, and as plaintiffs when referred to jointly.

Mrs. Mountel received serious personal injuries on
September 15, 1966, when an automobile in which she was
a passenger, driven by Bernadette Baylor, was struck by
an automobile operated by Carolyn Allen, an uninsured
motorist.

In the first cause of action of their petition, plaintiffs
allege that Carolyn Allen was negligent in failing to heed a
red traffic control signal light and collided with the auto-

mobile being driven by Bernadette Baylor, in which collision Mrs. Mountel received multiple fractures of her right hip and femur, serious facial lacerations, crushed knee, depressed frontal skull fractures, damage to the soft tissue of her left arm, and other injuries which necessitated extensive hospital and medical care.

In the second cause of action of the petition, Mr. Mountel alleges the bodily injuries sustained by his wife gave rise to doctor, hospital, medication and household assistance in the reasonable sum of $4,655, together with the loss of service and conjugal relationship of his wife.

In answer to the plaintiffs' petition, the defendant, Hardware Dealers Mutual Fire Insurance Company, hereinafter referred to as defendant, admits it is a corporation authorized to write casualty liability insurance in Ohio; that Mrs. Mountel was insured in a certain automobile insurance policy issued to the plaintiffs by the defendant, which policy included a clause known as "protection against uninsured motorists coverage;" that Mrs. Mountel was a passenger in an automobile other than the automobile insured by the defendant; that the vehicle operated by Carolyn Allen collided with the automobile in which Mrs. Mountel was riding; that Mrs. Mountel sustained bodily injuries in said collision as a result of the negligence of Carolyn Allen, an uninsured motorist, as defined in the insurance policy issued to the plaintiffs. But the defendant denies liability under the terms of the policy issued to the plaintiffs.

For a further defense, the defendant alleges that the automobile in which Mrs. Mountel was a passenger at the time of her injury was covered by a policy of insurance issued by the Nationwide Insurance Company, which policy carried an uninsured motorist coverage clause; that the limit of said policy was the same as the limits of the policy issued by the defendant to the plaintiffs; and that the policy of insurance issued by the defendant includes the following provisions:

"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured,

the insurance under the uninsured motorists coverage shall apply only as excess coverage over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him, and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which the uninsured motorists coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing paragraphs, if the insured has other similar insurance available to him against a loss covered by the uninsured motorists coverage of this policy, the Company shall not be liable under this policy for a greater proportion of such loss that the applicable limit of liability herein bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

Although it does not appear in the pleadings, the plaintiffs' brief states that Mrs. Mountel has received $10,000 from the Nationwide Insurance Company under the uninsured motorist provision of the policy it issued to Bernadette Baylor. This fact is not controverted in the defendant's brief. The memorandum in support of the motion for declaratory judgment filed by the defendant in the Court of Common Pleas does state that the limits on the policies issued to Bernadette Baylor by Nationwide Insurance Company, and those on the policy issued to the plaintiffs by the defendant are the same.

It is alleged by the plaintiffs that the fair and reasonable amount to compensate Mrs. Mountel for her bodily injuries exceeds the sum of $20,000. This conclusion is not

denied by the defendant. In argument, this Court was advised that the Court of Common Pleas for Hamilton County, in another action, has entered judgment in favor of the plaintiffs for damages by reason of the bodily injury to Mrs. Mountel in the sum of $25,000.

The issue presented is whether Mrs. Mountel, an insured under defendant's policy containing an uninsured motorist endorsement as required by R. C. 3937.18, and an "excess" or "other insurance" clause, is entitled to recover for bodily injuries despite the fact that she has received $10,000—a sum less than half of the reasonable amount of damage occasioned by her bodily injuries—under a Nationwide Mutual Insurance Company policy?

The applicable portion of R. C. 3937.18, entitled "Mandatory offering of Uninsured Motorist Coverage," provides:

"No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided th rein or supplemented thereto, in limits for bodily injury or death set forth in Section 4509.20 of the Revised Code, under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness * * *."

R. C. 4509.20 fixes the amount of insurance in an uninsured motorist clause in a motor vehicle liability insurance policy when issued or delivered in Ohio, at not less than $10,000 for bodily injury to one person in one accident.

The plaintiffs maintain that the answer to the question posed above and which the issue presents must be in the affirmative because the coverage provided by the defendant is designed to compensate them for damages to which they would be entitled in the event the negligent driver of the uninsured vehicle, Carolyn Allen, was insured.

The defendant contends that the "excess" or "other insurance" coverage set out in the uninsured motorist clause of the policy it issued to the plaintiffs expressly exempts the defendant from paying any sum to the plaintiffs since they have received $10,000 from the Nationwide Insurance Company. It further maintains, the issue presented by the plaintiffs is not the arguable issue, but rather, the real question is whether the clear and unambiguous conditional clause of the policy issued by the defendant will be enforced by the court.

Ohio is one of the forty-five states which have enacted uninsured motorist laws, and the precise question presented in the instant case appears to be one of first impression in Ohio.

It is obvious that the purpose of the uninsured motorist law in Ohio is to provide protection to innocent victims of irresponsible drivers. The minimum amount of coverage to be afforded by the uninsured motorist feature of each policy of insurance in Ohio is set by the statutes quoted. Those statutes do not explicitly or implicitly place a limit on the total amount a victim may recover if he suffers bodily injury damage as a result of the negligence of an uninsured motorist.

The defendant has issued a policy of insurance to the plaintiffs which includes an uninsured motorist clause. However, the defendant disclaims any liability to the plaintiffs by reason of the "other insurance" provision in that clause.

In reality, the defendant argues that since the plaintiffs have recovered the limit of $10,000 specified by statute for one person in one accident from another insurance company under another uninsured motorist policy, the "other insurance" clause of the insurance contract issued to the plaintiffs by the defendant releases defendant from its obligations under other terms of the policy.

The Supreme Courts of Missouri and Massachusetts considered this contention in *Arditi* v. *Massachusetts Bonding & Ins. Co.* (Mo.), 315 S. W. 2d 736, and in the case of *Beattie* v. *American Automobile Ins. Co.*, 338 Mass. 526, 156 N. E. 2d 49. These cases held that "other insur-

ance'' clauses could not be enforced. They decided that an ''other insurance'' clause in two different policies were mutually repugnant and allowed the plaintiff to recover from both insurers.

Statutes requiring financial responsibility and uninsured motorist coverage are to be liberally construed to achieve legislative intent. *Bryant* v. *State Farm Mutual Auto Ins. Co.*, 205 Va. 897, 140 S. E. 2d 817; *Sellers* v. *United States Fidelity & Guaranty Co.* (Fla.), 185 So. 2d 689.

In *Bryant* v. *State Farm Mutual, supra,* the court stated unequivocally that the uninsured motorist statute is the controlling authority and the provisions in an insurance policy that conflicts with the requirements of the statute, either by adding to or taking from its requirements, is void and ineffective. The Virginia court found ''other insurance'' clauses to be in conflict with the statute and held that even though the limits of both policies were exactly the same, once the limit on the first policy was exhausted, the second policy came into effect and was liable up to its limits.

In considering the conflict between ''other insurance'' clauses and unisured motorist legislation, the Supreme Court of Pennsylvania, in the case of *Harleysville Mutual Casualty Co.* v. *Bluming,* 429 Pa. 389, 241 A. 2d 112, concluded that ''an insurer which had received a premium on uninsured motorist coverage could not avoid liability imposed by statute through unilateral insertion into the policy of a liability limiting clause.'' As in Ohio, the Pennsylvania statute gives the insured the option to reject uninsured motorist coverage.

The Supreme Court of Florida, in the case of *Sellers* v. *U. S. Fidelity & Guaranty Company, supra,* considered an uninsured motorist statute which is the same as those in Ohio and Pennsylvania, and held that a statute requiring automobile liability insurance to include uninsured motorist protection invalidated the insurer's ''other insurance'' clause. This provision was similar to the clause in the policy issued to the plaintiffs by the defendant in the instant case.

The purpose or intent of the legislature in the enactment of the uninsured motorist statute was the public concern over the importance of the problems arising from bodily injury inflicted by motorists who are uninsured and financially irresponsible.

After noting this intention, the Supreme Court of North Carolina, in the case of *Moore* v. *Hartford Fire Ins. Co.*, 270 N. C. 532, 155 S. E. 2d 128, held that their uninsured motorist statute requires coverage for bodily injury or death caused by an uninsured motorist and does not permit "other insurance" clauses in policies which are contrary to the statutory limited amount of coverage. That court further found that the uninsured motorist coverage statute does not limit the insured to only a $5,000 recovery (North Carolina minimum coverage) where the loss for bodily injury is greater than $5,000 and the insured is the beneficiary under more than one policy.

In another case, the Supreme Court of North Carolina held that effect can be given to legislative intent only by allowing the insured to recover for injuries to the extent of the uninsured motorist coverage available, and stated that insurance companies should not be allowed to set up the defense of "excess" insurance. *Wright* v. *Casualty Co.*, 270 N. C. 577, 155 S. E. 2d 100.

In considering the issue of the applicability of "other insurance" clauses to uninsured motorist coverage, the Supreme Court of Oregon, in *Smith* v. *Pacific Auto Ins. Co.*, 240 Ore. 167, 400 P. 2d 512, stated there is nothing offensive about stacking insurance benefits and that it each of two policies seek to limit its liability by invoking the availability of other coverage, the result easily could be no coverage at all—each carrier pointing to the coverage of the other's policy.

In support of its contention that the policy issued by the defendant to the plaintiffs cannot be applied to any excess over the amount paid by the Nationwide Insurance Company to the plaintiffs, the defendant cites the case of *Motorists Mutual Co.* v. *Lumbermens Mutual Ins. Co.*, 1 Ohio St. 2d 105. The syllabus of that case states that "where one insurer insures against a loss and provides

that it shall not be liable for a greater proportion of the loss than the applicable limit of liability stated in its declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss, and another insurer insures against the same loss and additionally provides that such insurance shall be excess insurance over any other valid and collectible insurance available to its insured, effect should be given to the latter provision, and the first insurer should be held to be the primary insurer.'' It is obvious that this case establishes priority, but it does not eliminate the liability of the excess insurance carrier if the loss be more than provided in the primary policy. In *Maryland Casualty Co.* v. *Bankers Indemnity Ins. Co.,* 51 Ohio App. 323, 5 O. O. 225, the court recognized the principle of primary liability.

In the instant case, the Nationwide Insurance Company is the primary insurer and has paid to the plaintiffs the limit of its policy, which sum is less than one-half the damage sustained by Mrs. Mountel.

The provision in the policy issued by the defendant to the plaintiffs exempting it from liability when another insurance company has paid the limit of its policy as one primarily responsible in conformity with the statutes governing uninsured motorists in Ohio, cannot be sustained. The defendant company is required to respond to any excess damages for bodily injury within its policy limits proven by the plaintiffs over the sum paid by the primary insurer.

The summary judgment in favor of the defendant granted by the Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings in keeping with this opinion.

*Judgment reversed.*

SHANNON, P. J., concurs.
HILDEBRANT, J., not participating.