Argued January 7, affirmed April 15, 1970

KENNEDY, *Appellant, v.* AMERICAN HARD-
WARE MUTUAL INSURANCE COM-
PANY, *Respondent.*

467 P. 2d 963

*Tom Beck,* Salem, argued the cause for appellant. With him on the briefs were Williams, Skopil, Miller & Beck, Salem.

*Walter J. Cosgrave,* Portland, argued the cause for respondent. With him on the brief were Maguire, Kester & Cosgrave, and James H. Gidley, Portland.

## SLOAN, J.

The plaintiff was an insured of an automobile insurance policy issued by the defendant. Two automobiles were covered under this policy and two premiums were paid for uninsured motorist coverage in the amount of $5,000. While walking across the street, the plaintiff was struck by an uninsured motorist and seriously injured. The issue is whether the plaintiff can recover $5,000 or $10,000. The trial court held she was entitled to $5,000.

These were the same facts as in *Castle v. United Pacific Ins. Group,* 1968, 252 Or 44, 448 P2d 357, except that the plaintiff Castle was driving one of the two automobiles covered in the policy. We held that the plaintiff was entitled to collect only $5,000 and not $5,000 for each vehicle covered. The instant case is more difficult because the plaintiff was not riding in or driving either of the vehicles covered; however, we conclude that the logic of the *Castle* case is that the insured is entitled to collect only $5,000 regardless of how many vehicles are covered in the policy and, therefore, the trial court in this case was correct.

*Morrison Assurance Company, Inc. v. Polak,* Florida, 1970, 230 S2d 6, resolved a conflict in the decisions of the District Court of Appeal and held in accord with our present holding. That decision was similar to our *Castle* decision in that the plaintiff was riding in one of the insured vehicles; however, the decision relies upon *Ringenberger v. General Accident F. & L. Assur. Corp.,* Florida, 1968, 214 S2d 376, which is similar to the instant case in that the plaintiff was injured while in a nonowned vehicle.[2]

---

[2] Sturdy v. Allied Mutual Insurance Company, 1960, 203 Kan 783, 457 P2d 34, 42, found the Ringenberger reasoning unpersuasive and held contrary to our present holding.

*Smith v. Pacific Auto. Ins. Co.,* 1965, 240 Or 167, 400 P2d 512, is not contrary to our present holding. The plaintiff there was a named insured under his own policy and an omnibus insured under the owner's policy. The question was whether the "other insurance" clauses in both policies applied so as to make one policy primarily liable. This court held they were repugnant under *Lamb-Weston v. Ore. Auto. Ins. Co.,* 1959, 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485, and the coverages of both policies applied.

Affirmed.