**540**

Lyle R. KACKMAN, Plaintiff,

v.

CONTINENTAL INSURANCE COMPANY, and Glens Falls Insurance Company of New York, Defendants.

No. A–71–70.

United States District Court,
D. Alaska.

Nov. 9, 1970.

Peter B. Walton, Boyko & Walton, Anchorage, Alaska, for plaintiff.

John K. Brubaker, of Delaney, Wiles, Moore, Hayes & Reitman, Anchorage, Alaska, for Glens Falls Insurance Co. of New York.

Murphy L. Clark, Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, Alaska, for Continental Ins. Co.

MEMORANDUM AND ORDER

von der Heydt, District Judge.

Plaintiff has filed his amended complaint for declaratory judgment in this cause, which has been removed to this Court from the Superior Court of the State of Alaska upon diversity of citizenship.

This action arises from an automobile accident involving plaintiff, Lyle R. Kackman, and one Charles E. Phillips. Plaintiff contends that the accident was the result of Phillips rounding a curve on the wrong side of the highway, Phillips thus causing his vehicle to collide with the one being operated by plaintiff. At the time of the accident plaintiff was employed by Alaska Orient Van Service, Inc., and was driving within the course and scope of that employment a 1966 Ford tractor and trailer, owned by Alaska Orient Van Service, Inc. The vehicle operated by Phillips was a 1968 Chevrolet automobile owned by Anchorage Cold Storage, Inc.

It is alleged by plaintiff that at the time of the accident Alaska Cold Storage, Inc. had not given Phillips permission to operate the Chevrolet automobile, but, in fact, the automobile had been stolen by Phillips. Thus, at the time of the accident Phillips was not an insured under any liability policy issued to Alaska Cold Storage, Inc. nor did Phillips have any other liability insurance of his own.

Plaintiff being insured under a family automobile policy issued by Continental Insurance Companies, hereinafter referred to as Continental, submitted a claim for coverage under the uninsured motorist provision of that policy. Continental denied plaintiff's claim. Subsequently plaintiff filed an action in the Superior Court of the State of Alaska seeking a declaratory judgment against Continental, demanding relief as afforded under the uninsured motorist provision of plaintiff's policy. Soon after, discovery proceedings revealed to plaintiff that at the time of the accident Alaska Orient Van Service, Inc. was insured by Glens Falls Insurance Company, hereinafter referred to as Glens Falls, and furthermore, that such insurance policy contained an uninsured motorist provision. Plaintiff then moved to add Glens Falls as a party defendant and to file an amended complaint. The Superior Court Judge granted both of these motions.

Pursuant to Rule 56, Continental then moved for summary judgment. This motion was based on the "other insurance" clause contained in plaintiff's insurance policy with Continental. Before this motion was decided by the Superior Court, however, the case was removed to this Court.

It is Continental's defense that uninsured motorist coverage protection is afforded to plaintiff by Glens Falls. Therefore, Continental's "other insurance" clause is invoked. This clause provides that Continental's policy, if applicable, is only applicable to the extent that it provides a greater uninsured motorist coverage limit than does the Glens Falls policy, and only for the difference which is excess.[1]

The insurance policy issued to plaintiff by Continental limits Continental's uninsured motorist coverage to $15,000 per person and $30,000 per accident. Since AS 28.20.440 provides that the minimum amount of uninsured motorist coverage which can be offered in Alaska by an insurance company is $15,000 per person and $30,000 per accident, Glens Falls uninsured motorist coverage can only be equal to or exceed Continental's. Thus, if Continental's "other insurance" clause is given full effect, Continental will be free of all liability and plaintiff will be precluded from recovering any claims against Continental.

Glens Falls, in its answer, also asserts that its insurance policy with Alaska Orient Van Service, Inc. contains an "other insurance" clause.

The problem of two "other insurance" clauses has been most troublesome to the Courts. The interaction of the two policies causes a circularity, with each insurance company claiming that the other must pay first. Some courts, however, have made the distinction between primary and secondary coverage. Tindall v. Farmers Automobile Management Corp., 83 Ill.App.2d 165, 226 N.E.2d 397 (1967); Lott v. Southern Farm Bureau Casualty Ins. Co., 223 So.2d 492 (La.Ct. App.1969); Russell v. Paulson, 18 Utah 2d 157, 417 P.2d 658 (1966). Here, an insured's policy affords primary coverage to an "owned automobile", while as to a "non-owned automobile" the coverage is only secondary. This distinction also allows the insurance companies to limit the claimant's recovery to that coverage afforded under the primary policy plus any excess coverage afforded under the secondary policy. Where the amount of uninsured motorist coverage is the same under both the primary and secondary policies, the secondary insurance company avoids all liability.

Other courts have followed Oregon's rule in Smith v. Pacific Automobile In-

---

1. Continental's insurance policy provides as follows: "OTHER INSURANCE. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability for such other insurance."

surance Co., 240 Or. 167, 400 P.2d 512 (1965) and have held the "other insurance" clauses to be repugnant. Transportation Ins. Co. v. Wade, 11 Ariz.App. 14, 461 P.2d 190 (1969); Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla.1966); Moore v. Hartford Fire Ins. Co. Group, 270 N.C. 532, 155 S.E.2d 128 (1967); Harleysville Mutual Gas Co. v. Blumling, 429 Pa. 389, 241 A.2d 112 (1968). In these instances the clauses are disregarded and the claimant is entitled to recover up to the full coverage afforded by both insurance carriers.

The Alaska Supreme Court has not ruled on the question. Thus, this Court seeks what it believes to be the better and more reasonable rule and follows the Oregon doctrine of *Smith, supra.*

■ Therefore, the Court holds:

1. That plaintiff may recover only those actual damages which he has incurred.

2. That the two insurers are required to prorate the loss arising from plaintiff's claim in the ratio that the loss bears to the limits of each policy.

3. That plaintiff's recovery is not restricted to one policy limit.

4. That plaintiff can recover actual damages to the total of the coverage afforded by each insurance policy.

Defendants, Continental and Glens Falls, have also raised the defense of the statute of limitations. On August 4, 1970, defendant Continental filed a motion to amend its answer to include the above mentioned defense. On the same date, Continental moved for summary judgment, pursuant to Rule 56, raising the defense of the statute of limitations. On August 14, 1970, Glens Falls filed its answer, in which it also asserted, in it sixth affirmative defense, the running of the statute of limitations. Plaintiff has opposed Continental's motions and has filed a motion to strike Glens Falls' sixth affirmative defense.

The accident between the plaintiff and Phillips, who is now deceased, occurred on August 2, 1968. The statute of limitations for a tort in the State of Alaska is two years. Plaintiff, during the two years following the accident did not file a claim against either Phillips or his estate. Defendants assert that as the plaintiff allowed the statute of limitations to run without filing suit, plaintiff is no longer entitled to recover damages from the uninsured motorist, Phillips. Consequently, plaintiff no longer has a valid claim under his uninsured motorist coverage which insures only for sums the insured is legally entitled to recover. Defendants also contend that plaintiff, by permitting the tort statute of limitations to run upon his personal injury claim against the uninsured motorist, has thereby destroyed the insurers', defendants', right of subrogation.

Plaintiff's defense is that plaintiff's cause of action against the defendant insurance companies is one based on contract and the contract statute of limitations applies. This is the position held by the majority of courts who have ruled on this issue. Booth v. Fireman's Fund Ins. Co., 197 So.2d 352 (La.Ct.App. 1967); De Luca v. Motor Vehicle Accident Indem. Corp., 17 N.Y.2d 76, 215 N.E.2d 482, 268 N.Y.S.2d 289 (1966); Schulz v. Allstate Ins. Co., 17 Ohio Misc. 83, 244 N.E.2d 546, 46 Ohio Op.2d 109, (1968); Sahloff v. Western Casualty & Surety Co., 45 Wis.2d 60, 171 N.W.2d 914 (1969).

■ Furthermore, plaintiff contends that he had no obligation to commence a tort action against the uninsured motorist prior to the running of the tort statute of limitations. The Court takes note that plaintiff filed his case on December 31, 1969. As of that date the tort statute of limitations had not run. If the defendants wanted to protect their subrogation rights they had ample time in which to file a complaint against the uninsured motorist, Phillips. Defendants knew of the running of the statute as is evidenced by Continental's immediate motions and Glens Falls answer. The defendants, who knew the statute was running, cannot lie in wait, and then claim that as plaintiff did not bring

543

suit against Phillips, they have been denied their right of subrogation.

Therefore,

It is ordered:

1. That Continental's Motion for Summary Judgment is denied.

2. That the Motion to Strike Glens Falls' Sixth Affirmative Defense is granted.

3. That Continental's Motion to Amend its Answer is denied.

4. That plaintiff's counsel forthwith may prepare an appropriate judgment form.