HERMAN BOSE ET AL., APPELLEES, V. AMERICAN FAMILY
MUTUAL INSURANCE COMPANY, A CORPORATION, APPELLANT.
181 N. W. 2d 839

Filed December 11, 1970.  No. 37617.

Chambers, Holland, Dudgeon & Beam, for appellant.

Ginsburg, Rosenberg, Ginsburg & Krivosha, R. P.
Cathcart, and Bernard Wishnow, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The question is whether under Nebraska law certain
"other insurance" clauses in uninsured motorist provi-
sions of automobile policies are enforceable under the
circumstances. The district court found in the negative,
entering judgment of $20,000 for plaintiffs. Defend-
ant appeals.

Defendant named plaintiff Herman Bose insured in
two automobile policies with uninsured motorist liabil-
ity coverage of $10,000 a policy. Each policy applied
to a different one of the two family automobiles owned by
Herman. The policies defined the insured to include
the named insured and any relative. Defendant charged
and collected a separate premium for the coverage in
each policy.

Plaintiff Lynn Bose resided with his father, Herman,
who had a legal duty to pay Lynn's costs of maintenance
and medical care. While both insurance policies were

in force and Lynn was operating one of Herman's family automobiles with permission on November 25, 1966, he collided with an "uninsured automobile" operated by an uninsured motorist. As the result of bodily injury to Lynn in the collision, he and Herman were entitled to recover from the uninsured motorist damages of $20,000. The court found that Herman was damaged in the sum of $11,140.82, and Lynn, $8,859.18.

Defendant contends that its maximum liability is $10,000 because of clauses in both policies as follows:

". . . if the insured has other similar insurance available to him, and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Uninsured Motorists Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing . . ., if the insured has other similar insurance available to him against a loss caused by the Uninsured Motorists Coverage of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability herein bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

In determining enforceability, we consider public policy declared by the Legislature and reasonable expectations of the named insured. Shipley v. American Standard Ins. Co. of Wis., 183 Neb. 109, 158 N. W. 2d 238 (1968); Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133 (1968).

Section 60-509.01, R. R. S. 1943, provides: "No policy insuring against loss resulting from liability imposed by law for bodily injury . . . suffered by any person arising out of . . . use of a motor vehicle shall be . . . issued . . . unless coverage is provided . . . in limits for bodily

injury . . . set forth in section 60-509 . . . for the protection of persons insured thereunder who are legally entitled to recover damages from . . . operators of uninsured motor vehicles . . . because of bodily injury . . . resulting therefrom; Provided, that the named insured shall have the right to reject such coverage . . .."

"Policy" in the sense of an insurance policy is a word of art with a definite meaning in the law. The letter of the statute prohibits issuance of a policy without uninsured motorist coverage subject to exceptions of no consequence here. Although a literal interpretation does not support defendant's position, we consider the spirit of the statute—a consideration which somewhat blends with reasonable expectations of Herman.

Judicial views of "other insurance" clauses in uninsured motorist provisions are divided. See Laufer, "Insurance Against Lack of Insurance? A Dissent From the Uninsured Motorist Endorsement," 1969 Duke L. J. 227 at pp. 249, 250 (1969).

One argument for defendant is that the Legislature intended to require the insurer's offer only to equal the minimum limits under financial responsibility laws. Donaldson, "Uninsured Motorist Coverage," 36 Ins. Counsel J. 397 (1969); Allen, "Several Outstanding Problems Involving Uninsured Motorist Coverage," 31 Ala. L. 368 at 381 (1970); Melton, "Uninsured Motorist Insurance in Alabama—Recent Developments," 31 Ala. L. 314 (1970).

Plaintiffs argue that Herman paid a separate premium charge on the uninsured motorist coverage embodied in each policy issued by the same insurer. Herman reasonably expected coverage of loss to "any relative," and especially his son. Plaintiffs urge that for us to decrease policy limits by enforcing the proration clauses under these circumstances would defeat the spirit of the statute and Herman's reasonable expectations. We concur.

A clause embodied in an uninsured motorist insurance policy prorating liability is not enforceable in these

circumstances: The adjudicated damages to the named insured and his dependent son equal or exceed the aggregate liability of two policies naming the same insured and issued by the same insurer for a separate premium on the coverage in each policy. See Protective Fire & Casualty Co. v. Woten, *post* p. 212, 181 N. W. 2d 835. Cf. Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133 (1968). See, also, Widiss, A Guide to Uninsured Motorist Coverage, 115 (1969).

AFFIRMED.