255 So.2d 35

Mary HOGAN et al.

v.

**ALLSTATE INSURANCE COMPANY,**
a Corporation.

6 Div. 621.

Supreme Court of Alabama.

Aug. 12, 1971.

Rehearing Denied Dec. 16, 1971.

Coleman & Hancock, Birmingham, for appellants.

Lange, Simpson, Robinson & Somerville, and Lyman H. Harris, Birmingham, for appellee.

HEFLIN, Chief Justice.

This is an appeal from an adverse decree of the Circuit Court of the Tenth Judicial Circuit, Jefferson County, Alabama, in Equity, on appellant's bill for a declaratory judgment.

The facts were stipulated by the parties and the pertinent ones follow.

Appellee (respondent in the court below) Allstate Insurance Company, a Corporation (hereinafter Allstate), issued an automobile liability insurance policy to appellant Ivan Hogan on June 26, 1964. The policy contained uninsured motorist protection for which appellant Ivan Hogan paid a premium. Appellant Mary Hogan was an insured under this policy. Said policy was in effect on September 3, 1966.

One Nathan Speegle was an insured under a policy issued by State Farm Mutual Automobile Insurance Company, a Corporation (hereinafter State Farm), on a 1963 Falcon automobile. The State Farm policy contained uninsured motorist protection in the amount of $10,000 per person and $20,000 per accident.

Appellant Mary Hogan was, on September 3, 1966, a passenger in an automobile owned by Nathan Speegle and operated at that time by his daughter, Elaine Speegle, when said automobile was involved in a collision with a 1965 Chevrolet operated at that time by one Paul William McCay, thereby proximately causing injuries to appellant Mary Hogan.

Appellants, by and through their attorney, notified State Farm and Allstate of the accident. Appellants offered to provide both insurance companies with evidence indicating they were entitled to recover under the uninsured motorist protection in the policies, as well as evidence that the operator of the 1965 Chevrolet, McCay, was uninsured. However, Allstate denied coverage by letter, a copy of which was attached to the bill. Appellants did furnish such information to State Farm, which insured the Speegle automobile, and State Farm subsequently settled with appellants for the sum of $4,500 and received a pro tanto release of its obligations under the policy. Appellant Ivan Hogan, Mrs. Hogan, and appellant Mary Hogan signed an "Indem-nifying Release and Trust Agreement" for State Farm.

Thereafter, appellants filed suits against the uninsured motorist, McCay, in the Circuit Court of Jefferson County, Alabama, Bessemer Division. Appellant Mary Hogan, as a minor, sued by her father and next friend, Ivan Hogan, and obtained a judgment after hearing for $15,000. Appellant Ivan Hogan sued McCay for his damages and obtained a judgment for $1,365.20. Allstate was not given notice of either of the suits, nor were copies of the summonses and complaints served on Allstate. Thereafter, appellants executed a pro tanto release to the uninsured motorist, McCay, for the sum of $1,500 for the claims of the Hogans and the Speegles. Under the terms of the release, the Hogans were to receive a total of $750.00 in monthly installments. At the time of the filing of the bill for declaratory judgment, a portion of this amount had been received by the appellants.

In its letter dated November 2, 1966, Allstate, through its Casualty Supervisor, R. T. Waggoner, in answer to appellants' request for coverage, stated its position as follows:

\* \* \* \* \* \*

"There are no benefits available to Mary Hogan Under (sic) the policy issued by Allstate Insurance Company to Juan (sic) Hogan. As we previously pointed out to you, our policy states that the policy does not apply to bodily injury of an insured sustained while in or upon, entering into or alighting from, any automobile, other than an owned automobile, if the owner has insurance similar to that afforded by this section and such insurance is available to the insured.

"I feel that the exclusion is clear and we have established that the vehicle in which your client, was riding was insured for uninsured motorist coverage with

State Farm, therefore any uninsured motorist claim being made by Mary Hogan would be excluded by our policy. * * "

It is readily apparent that the sole and only basis upon which Allstate denied coverage in its letter to counsel for appellants, dated November 2, 1966, was the "excess escape clause" and "other insurance provisions" contained in the policy, to-wit:

"With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any such similar insurance available to such insured and applicable to such insurance as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

In its decree, the lower court found that the aforequoted "Other Insurance" clause applied to the facts presented; that the coverage provided by the Allstate policy applied only as "excess" insurance over any similar insurance available to the insured; that the coverage provided by the Allstate policy should not be given effect until the limits of the State Farm policy had been exhausted; that the limits of the two policies were the same; and that, therefore, the Allstate policy would not apply to the fact situation presented.

Subsequent to the rendering of the decree by the lower court, this Court decided Safeco Insurance Company v. Jones, 286 Ala. 606, 243 So.2d 736, a case involving the particular issue in question in the case under review. In *Safeco,* supra, this Court stated as follows:

"We hold that our statute sets a minimum amount for recovery, but it does not place a limit on the total amount of recovery so long as that amount does not exceed the amount of actual loss; that where the loss exceeds the limits of one policy, the insured may proceed under other available policies; and that where the premiums have been paid for uninsured motorist coverage, we cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid." Id., at 742.

What this Court said in *Safeco,* supra, is equally applicable to the facts presented herein, and requires that the decree of the lower court be reversed.

Also see State Farm Mutual Automobile Insurance Company v. Cahoon, 287 Ala. 462, 252 So.2d 619, May 13, 1971.

In briefs, appellee sets forth and argues certain contentions, stating in essence that even if appellants should prevail in their argument that the Allstate policy is applicable in satisfaction of actual damages sustained by the appellants, recovery should nevertheless be denied for the reasons set forth. Since the lower court's decree does not mention these matters, but denied relief on specific grounds heretofore mentioned, this Court construes that the lower court did not rule upon the issues presented by appellee in this regard. This is a court of appellate jurisdiction, with few exceptions, and this court is not disposed to pass on questions upon appeal not considered or decided by the trial court. City of Birmingham v. Wheeler, 225 Ala. 678, 145 So. 140; Penn Mut. Life Ins. Co. v. State, 223 Ala. 332, 135 So. 346.

The decree of the lower court is due to be reversed and the cause remanded. It is so ordered.

Reversed and remanded.

SIMPSON, HARWOOD, MADDOX and McCALL, JJ., concur.