270 So.2d 806

The EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD.,
a corp., etc.

v.

Charlie JACKSON.

The EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD.,
a corp., etc.

v.

Cecelia Grady JACKSON.

3 Div. 486, 3 Div. 487.

Supreme Court of Alabama.

Sept. 29, 1972.

Rehearings Denied Nov. 30, 1972.

Huie, Fernambucq & Stewart, and Paul G. Smith, Birmingham, for appellant.

Richard H. Gill, and Truman M. Hobbs, Montgomery, for appellees.

MERRILL, Justice.

These two cases were consolidated by this court, all parties consenting. The appeals are from judgments awarding damages in the amount of $20,000.00 to appel-

lee Charlie Jackson in 3 Div. 486 and $20,000.00 to appellee Cecelia Jackson in 3 Div. 487.

With the exception of the allegations of injury, the complaints of both appellees are virtually identical. Both complaints allege that the appellant issued a policy of automobile insurance to Cecelia Jackson, wife of Charlie Jackson, said policy containing what is commonly referred to as "uninsured motorist coverage." The policy provided coverage for two automobiles. Both appellees allege that they were injured in an automobile accident where the operator of the other automobile was uninsured. Both appellees allege that they are each entitled to $20,000.00 damages from the appellant under the uninsured motorist coverage of the policy issued by the appellant as stated above.

Identical demurrers which were filed by the appellant to each complaint were overruled by the trial court on April 15, 1970. Thereafter, the appellant filed in each case the plea of the general issue and not guilty as charged in the complaint.

The cases were submitted to the trial court, without jury, on an agreed stipulation, oral testimony and exhibits introduced at the time of the trial. Thereafter, on February 24, 1971, the trial judge entered a finding of fact and final judgment whereby he ordered that each appellee in his and her respective cases have and recover from the appellant the sum of $20,000.00 with costs of court. Appeals were taken on March 29, 1971.

The appellant's assignments of error are identical in both cases and raise the same questions for review.

The facts have been stipulated, with the exception of the medical testimony. On February 2, 1969, the appellees were riding as passengers in an automobile operated by one Mary R. Bell, when the Bell vehicle was involved in a collision with a motor vehicle operated by one James L. Underwood, who was an uninsured motorist. The negligence of Underwood was the cause of the accident. Both of the appellees and Mary R. Bell received personal injuries in the accident.

The Bell vehicle was insured with the State Farm Mutual Automobile Insurance Company, and this policy included uninsured motorist coverage in the amount of $10,000.00 for injuries to one individual and $20,000.00 for injuries to one or more individuals. State Farm paid to Charlie Jackson $2,250.00 and to Cecelia Jackson the sum of $10,000.00 with the balance of the policy limits for uninsured motorist coverage being paid to Mary Bell.

At the time of the accident the appellant had in force and effect a "Family Combination Automobile Policy" issued to Cecelia Jackson providing certain coverage for a 1965 Chevrolet and a 1961 Pontiac. Appellant's policy likewise contained uninsured motorist coverage.

Both appellees were seriously injured in the accident, but this appeal does not raise the issue of the severity of the injuries or the amount that would be just compensation for said injuries. It is sufficient to state that the trial court, sitting without a jury, found Cecelia Jackson's actual damages to be $90,000.00, and Charlie Jackson's actual damages to be $30,000.00.

Appellant's policy contains two clauses which it contends either abrogate or limit its liability. The first is its "Other Insurance" clause:

"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and appli-

cable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The appellant contends that the "Other Insurance" clause excuses it from liability, because the Jacksons have already accepted a settlement from State Farm, which had uninsured motorist coverage in the amount required by Alabama law. The second exclusionary clause upon which the appellant alternatively relies is the "Limits of Liability" clause:

"(a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident, and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

The declarations referred to in the "Limits of Liability" clause specifically provide for uninsured motorist coverage for bodily injury in the amount of $10,000.00 for each person with a maximum amount of $20,000.00 for each accident. Under the "Limits of Liability" clause, the appellant alternatively contends that the policy issued to the Jacksons has a maximum uninsured motorist coverage for any one accident of $10,000.00 per individ-

ual to $20,000.00 per accident, and the fact that the policy provided coverage for two cars does not double the coverage to $20,000.00 per individual and $20,000.00 per accident. The trial court held, however, that since premiums were paid for insuring two cars, that there were two separate uninsured motorist coverages in the appellant's policy, and that the Jacksons could recover under each coverage. The court stated:

"It is now established that the law in Alabama is that Tit. 36, § 74 (62a) establishes minimum coverage, but does not establish an upper limit. The insured is entitled to recover under all available coverages on which a premium has been paid up to his actual damages, Ex Parte Irby Jones, 286 Ala. 606, 243 So.2d 736 (Dec.1970).

"The Court is further of the opinion, and so holds, that the 'Limits of Liability" clause cannot be permitted to deprive the insured of the benefits for which a premium was paid, and that such clause, if interpreted to deprive the insured of coverage above $10,000/$20,000 when two premiums are paid for two such coverages, is repugnant to the spirit and intent of the Alabama law, and is ineffective to so limit the insured's coverage.

\* \* . \* \* \* \*

"The Court finds, that the insurer collected a premium for each coverage under its policy, and it cannot avoid payment for a loss because of language of limitation devised by itself. It cannot avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid."

The trial court then awarded the sum of $20,000.00 to Charlie Jackson and the sum of $20,000.00 to Cecelia Jackson.

■ The appellant's first contention raises the question of whether an insured who has collected under the uninsured mo-

torist coverage of the car in which he was a passenger can then collect under the uninsured motorist provision of his own policy. This court, in Safeco Insurance Company of America v. Jones, 286 Ala. 606, 243 So.2d 736, unanimously (Livingston, C. J., not sitting) held that he could. In that decision this court stated:

"We hold that our statute sets a minimum amount for recovery, but it does not place a limit on the total amount of recovery so long as that amount does not exceed the amount of actual loss; that where the loss exceeds the limits of one policy, the insured may proceed under other available policies; and that where the premiums have been paid for uninsured motorist coverage, we cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid."

The holding in *Safeco,* supra, has been followed in Hogan v. Allstate Insurance Company, 287 Ala. 696, 255 So.2d 35, and in State Farm Mutual Automobile Insurance Company v. Cahoon, 287 Ala. 462, 252 So.2d 619. In *Cahoon,* supra, at page 466, 252 So.2d at page 621, we stated:

"* * * an insurer cannot avoid the liability imposed by our Uninsured Motorist Act by inserting into a policy a liability limiting clause restricting an insured from recovering actual damages suffered, within the limits of a policy, where premiums have been paid for such uninsured motorist coverage, even though an insured has other similar insurance available to him."

Safeco, etc. v. Jones, 286 Ala. 606, 243 So.2d 736, was decided in 1970. We list cases from eleven other jurisdictions recently decided which reached the same result that we reached in Safeco, etc. v. Jones, supra. Fidelity & Casualty Company of New York v. Gatlin, 470 S.W.2d 924 (Tex.Civ.App.); Boetner v. State Farm Mut. Ins. Co., 191 N.W.2d 741 (Mich.App.); Bose v. American Family Mutual Ins. Co., 186 Neb. 209, 181 N.W.2d 839; Markham v. State Farm Mut. Auto. Ins. Co., 326 F.Supp. 39 (W.D.Okl.); Johnson v. Travelers Indemnity Co., 269 N.E.2d 700 (Mass.); Harthcock v. State Farm Mut. Auto. Ins. Co., 248 So.2d 456 (Miss.); Mountel v. Hardware Dealers Mut. Fire Ins. Co., 26 Ohio App.2d 105, 269 N.E.2d 857; Kackman v. Continental Ins. Co., 319 F.Supp. 540 (D.Alaska); Aldcroft v. Fidelity & Cas. Co. of N. Y., 259 A.2d 408 (R.I.); United Services Automobile Association v. Dokter, 86 Nev. 917, 478 P.2d 583; Raitt v. National Grange Mut. Ins. Co., 285 A.2d 799 (N.H.).

We do not feel that Safeco, etc. v. Jones, supra, should be overruled and we find no merit in appellant's first contention.

Appellant's second contention is that "the trial court erred in holding that the 'limits of liability' clause of the defendant's uninsured motorst coverage was so written as to not reasonably convey to the insured (plaintiff) the fact that he was not entitled to full indemnity based upon payment of two separate premiums for such uninsured motorist coverage." This second contention presents a question of first impression in Alabama.

Appellant's position is that where the uninsured motorist coverage of an automobile insurance policy has a "Limits of Liability" clause contained therein, such as the one here (and which has already been quoted in this opinion), stating in effect that the liability applicable to each person is the limit of liability for all damages because of bodily injury sustained by one person as a result of one accident, that such person would not be allowed to recover the aggregate amount of coverage provided for two vehicles if his policy provides coverage for two vehicles, notwithstanding the fact that a premium is paid for each but only the coverage provided for one vehicle. Appellant also contends that the "Limits of Liability" clause is neither contrary to the Al-

abama Uninsured Motorist Act nor does it fail because of ambiguity.

The trial court held "that the 'Limits of Liability' clause cannot be permitted to deprive the insured of the benefits for which a premium was paid, * * *" as already quoted in this opinion. We agree with the trial court that the "Limits of Liability" clause, quoted supra, is both ambiguous and difficult to understand.

In Safeco, etc. v. Jones, 286 Ala. 606, 243 So.2d 736, we cited and quoted the case of Sturdy v. Allied Mutual Ins. Co., 203 Kan. 783, 457 P.2d 34. That case supports the finding of the trial court in the instant case and in *Sturdy,* the court, in rejecting similar limiting language, held that its construction of the policy "* * * effectuates insurance as to each automobile mentioned in the policy and permits recovery rather than forfeiture of a benefit for which the insured has paid. Defendant seeks to avoid fully indemnifying its insured on what we believe to be an overly strict construction of its policy in its favor. If it were intended to restrict the limit of liability to $10,000 in one policy where more than one automobile is covered, this could have been very easily accomplished in plain, unmistakable language * * *."

Appellant cites the case of Otto v. Allstate Ins. Co., 2 Ill.App.3d 58, 275 N.E.2d 766, which reaches a contrary result after considering *Sturdy,* supra.

We feel that the insured was insured as to two vehicles whether the policies were separate or whether both vehicles were listed in the same policy, and we fail to see any distinction in the fact that the premium for uninsured motorist coverage was one dollar less for one vehicle than the other.

In Safeco, etc. v. Jones, supra, we said "* * * we cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the pre-

mium has been paid." We also quoted "A Guide to Uninsured Motorist Coverage," by Professor Widiss, in part, as follows:

"* *. * A premium has been paid for each of the endorsements and coverage has been issued. It seems both equitable and desirable to permit recovery under more than one endorsement until the claimant is fully indemnified. * * *" (§ 2.60, p. 112)

Following that rationale, we think the better holding is that the appellant should pay in two instances because the insured had paid a premium in two instances for uninsured motorist coverage. This indicates the affirmation of the judgments of the trial court.

Affirmed.

HEFLIN, C. J., and COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.

ON REHEARING

MERRILL, Justice.

We did not intend to convey the impression that appellant relied only on Otto v. Allstate Ins. Co., 2 Ill.App.3d 58, 275 N.E. 2d 766. Also cited to support its position was Morrison Assurance Company, Inc. v. Polak, 230 So.2d 6 (Fla.); Arminski v. United States Fidelity & Guaranty Co., 23 Mich.App. 352, 178 N.W.2d 497; Kennedy v. American Hardware Mutual Ins. Co., 255 Or. 425, 467 P.2d 963; Castle v. United Pacific Insurance Group, 252 Or. 44, 448 P.2d 357; Pacific Indemnity Co. v. Thompson, 56 Wash.2d 715, 355 P.2d 12; Polland v. Allstate Insurance Company, 25 A.D.2d 16, 266 N.Y.S.2d 286 (New York); Hilton v. Citizens Insurance Company of New Jersey, 201 So.2d 904 (Fla.App.); Ringenberger v. General Accident F. & L. Assur. Corp., 214 So.2d 376 (Fla.App.).

Appellees did not rely solely on Sturdy v. Allied Mutual Ins. Co., 203 Kan. 783, 457 P.2d 34. Appellees have also cited

·Cunningham v. Insurance Company of North America, 213 Va. 72, 189 S.E.2d 832; Lipscombe v. Security Insurance Co. of Hartford, 213 Va. 81, 189 S.E.2d 320; Harlow v. Southern Farm Bureau Casualty Ins. Co., 439 S.W.2d 365 (Tex.Civ.App.); Travelers Indemnity Company v. Watson, 111 Ga.App. 98, 140 S.E.2d 505; Central Surety & Insurance Corporation v. Elder, 204 Va. 192, 129 S.E.2d 651; Kansas City Fire & Marine Insurance Co. v. Epperson, 356 S.W.2d 613 (Ark.); Allstate Insurance Company v. Zellars, 452 S.W.2d 539 (Tex. Civ.App.); Lavin v. State Farm Mutual Automobile ·Ins. Co., 193 Kan. 22, 391 P.2d 992.

■ After a careful study of these authorities, we continue to adhere to the opinion that the appellees were entitled to recover in each instance where the premium was paid for the insured motorist insurance, so long as the total did not exceed the amount of the judgment secured by each of them for their actual damages. Those judgments were in excess of the judgments here affirmed.

Opinion extended and application for rehearing overruled.

All the Justices concur.