These appeals require our interpretation of Ala. Code 1975, § 32-7-23(c):
 "The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract."
Emily Gail Fox and Kim Alan Davis were killed as a result of a single-vehicle accident. Ms. Davis was driving, and Ms. Fox was a passenger in that vehicle at the time of the accident.
Ms. Davis's vehicle was insured by State Farm Automobile Insurance Company under an automobile liability policy that provided a maximum liability coverage of $25,000 per person for bodily injury or death. Ms. Fox was the daughter of Grady I. Fox and a member of his household; as such she was covered under each of his five separate single-vehicle policies issued by State Farm. Each of these policies contained uninsured/underinsured motorist coverage of $20,000 per person.
Fox, as administrator of Ms. Fox's estate, filed a complaint in the Circuit Court of Jefferson County against the administrator of Ms. Davis's estate, claiming damages for the alleged wrongful death of his daughter. After hearing testimony in a non-jury trial, the court entered a judgment in favor of Fox for $120,000, plus costs.
Because the $25,000 liability coverage available under the Davis policy was insufficient to satisfy this judgment, Fox sought to recover the balance of $95,000 from State Farm under the uninsured/underinsured motorist coverages in his five State Farm policies. State Farm conceded that Fox could recover under the uninsured motorist provisions of three of his policies, and agreed that it was liable for a total of $85,000 of the $120,000 judgment ($25,000 under the liability provision in the Davis policy, plus $60,000 under the uninsured/underinsured motorist coverages of three of Fox's policies). State Farm maintained that it was not liable for the remaining $35,000 of the judgment because of the limitation imposed by Alabama Code 1975, § 32-7-23(c).
The trial judge held that § 32-7-23(c) applied only where a policy of insurance covered more than one vehicle, that State Farm had issued five separate policies to Fox covering five separate vehicles, and that State Farm could not rely upon §32-7-23(c) to restrict its uninsured/underinsured liability to the limits of three policies. Consequently, the judge ruled that State Farm was liable for the entire $120,000 judgment.
Prior to filing its notice of appeal, State Farm paid $85,000 of the $120,000 judgment. By this appeal, State Farm asserts *Page 1072 
that the court erred in requiring State Farm to pay the additional $35,000.
The issue raised on appeal is whether the provision in Ala. Code 1975, § 32-7-23(c), that limits an insurer's liability under the uninsured/underinsured coverage to the primary coverage plus two additional coverages applies where the insurer issues five separate single-vehicle policies rather than one multi-vehicle policy.
State Farm's argument is essentially that there is no difference between five single-vehicle policies and one insurance policy covering five vehicles.
This Court has long recognized that where the loss exceeds the limits of one uninsured motorist policy, the insured may stack other uninsured motorist policies to cover up to the actual damages sustained. General Mutual Insurance Co. v.Gilmore, 319 So.2d 675 (Ala. 1975); Great Central Insurance Co.v. Edge, 292 Ala. 613, 298 So.2d 607 (1974); State Farm MutualAutomobile Insurance Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619
(1971); Employer's Liability Assurance Corp. v. Jackson,289 Ala. 673, 270 So.2d 806 (1972); Hogan v. Allstate InsuranceCo., 287 Ala. 696, 255 So.2d 35 (1971); Safeco Insurance Co. ofAmerica v. Jones, 286 Ala. 606, 243 So.2d 736 (1970).
In 1984, the Legislature amended Alabama Code 1975, §32-7-23, by adding the following as paragraph (c):
 "The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract." (Emphasis added.)
When statutory language is unequivocal and unambiguous, the language is to be given its plain, clear, and ordinary meaning.Mann v. City of Tallassee, 510 So.2d 222 (Ala. 1987); Clark v.Houston County Comm'n, 507 So.2d 902 (Ala. 1987); EastMontgomery Water, Sewer Fire Protection Auth. v. Water Works Sanitary Sewer Board, 474 So.2d 1088 (Ala. 1985). The phrases "any one contract" and "within such contract" refer to a single insurance contract. There may be no significant difference between five single-vehicle insurance policies and one insurance policy covering five vehicles, as State Farm contends. However, the Legislature clearly directed its limitation of stacking of uninsured/underinsured motorist coverage to a single policy covering multiple vehicles. These appeals do not challenge the constitutionality of this statutory provision on the basis of this limited restriction. By this, we do not mean to imply that the statute will not stand constitutional muster; we merely state why we do not address this in our opinion. The plain meaning of § 32-7-23(c) is that an injured person covered under a multi-vehicle policy may stack the uninsured/underinsured motorist coverage for additional vehicles covered within the policy, limited to "the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages."
The trial court correctly held that the phrases "any one contract" and "within such contract" referred to one contract or policy of insurance, and that the stacking limitation contained in § 32-7-23(c) did not apply to the present fact situation.
Fox, by way of a cross-appeal, argues that the trial court erred in refusing to award prejudgment interest of six percent (6%) on the $95,000 underinsured motorist judgment.
Prejudgment interest is awarded in Alabama only when the amount due is certain or capable of being made certain. SeeGrand Bay Land Co. v. Simpson, 207 Ala. 303, 306, 92 So. 789
(1922); Richards v. General Motors Corp., 461 So.2d 825
(Ala.Civ.App. 1984); Roe v. Baggett Transportation Co.,326 F.2d 298 (5th Cir. 1963).
In the instant case, there was no evidence that State Farm knew or could have known at the time it was notified of Fox's claim for the wrongful death of his daughter that the damages against Ms. Davis's estate would exceed $25,000. Fox's underinsured *Page 1073 
motorist claim was based entirely on his wrongful death action against Ms. Davis's estate. The damages were punitive damages only. See, e.g., Tatum v. Schering Corp., 523 So.2d 1042 (Ala. 1988).
In the present case, there was no offer of proof by Fox of the amount of State Farm's liability under the underinsured motorist coverage. With only punitive damages recoverable in wrongful death cases, it is doubtful that in such cases the amount of an insurer's liability under underinsured motorist coverage can be proven with the specificity necessary to recover prejudgment interest from the insurer. This would not be the first time that this Court's peculiar interpretation of the damages aspect of our wrongful death statute haspotentially deprived a claimant of a right the claimant might have had if personal injury, and not death, had resulted. SeeAetna Casualty Surety Co. v. Beggs, 525 So.2d 1350, 1353
(Ala. 1988); Carter v. City of Birmingham, 444 So.2d 373 (Ala. 1983), cert. denied, 467 U.S. 1211, 104 S.Ct. 2401,81 L.Ed.2d 357 (1984).
The amount, if any, that State Farm owed Fox under his underinsured motorist coverage in his insurance policies was not capable of being ascertained at the time State Farm received notice of the claim. The trial court did not err in refusing to grant prejudgment interest.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES and ADAMS, JJ., concur.
JONES and STEAGALL, JJ., dissent.