The question in this case is whether Ala. Code 1975, §32-7-23(c), which allows stacking of up to three coverages under one multi-vehicle insurance contract, applies to an attempt by a passenger in another person's insured vehicle to stack uninsured motorist coverages under separate single-vehicle insurance policies on vehicles not owned by him or occupied by him at the time of his injury.
On October 5, 1988, Ferrel C. Faught, Sr., was injured when the 1982 Subaru automobile in which he was a passenger, which was owned and operated at the time by Christopher Waits, was hit by a car being driven by Gus Prescott. Waits's Subaru was insured by State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") under a policy with a $20,000 per person uninsured motorist limit. Prescott's car was insured by Hartford Insurance Company (hereinafter "Hartford") under a policy with a liability limit of $10,000. Both State Farm 
Hartford have offered Faught the amount of the coverage limits under those two policies.
Waits had a second policy with State Farm covering a 1978 Toyota truck that had an uninsured motorist coverage limit of $20,000. Brett McMurray, a relative of Waits who resided in Waits's household, owned a 1982 Buick, which was also insured by State Farm and had a $20,000 uninsured motorist coverage limit. Because Faught's medical expenses exceeded the limits of the policies covering Waits's Subaru and Prescott's vehicle, he sought to recover on the policies covering Waits's Toyota and McMurray's Buick, but State Farm denied benefits under both of those policies.
State Farm filed a declaratory judgment action to determine whether it owed Faught uninsured motorist coverage under those two policies. Both Faught and State Farm filed motions for summary judgment. Relying on Ala. Code 1973, § 32-7-23(c), and White v. Georgia Cas. Sur. Ins. Co.,520 So.2d 140 (Ala. 1988); Travelers Ins. Co. v. Jones,529 So.2d 234 (Ala. 1988); and State Farm Mut. Auto. Ins. Co.v. Fox, 541 So.2d 1070 (Ala. 1989), the trial court concluded that Faught was insured under the three separate State Farm policies and, thus, was entitled to stack all three coverages, and entered summary judgment for him. State Farm appeals, arguing that § 32-7-23(c) is inapplicable to this situation after State Farm Mut. Auto. Ins. Co. v. Fox, supra, and that Faught was not an "insured" under the Toyota and Buick policies.
Section 32-7-23(c) provides as follows:
 "The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract."
In State Farm Mut. Auto. Ins. Co. v. Fox, supra, the father of a deceased daughter/passenger sought the underinsured benefits on his five separate, single-vehicle policies. State Farm argued that there was no difference between five single-vehicle policies and one insurance contract covering five vehicles. A majority of this Court disagreed and allowed the plaintiff to stack all five policies, holding that "the phrases 'any one contract' and 'within such contract' [refer] to one contract or policy of insurance." 541 So.2d at 1072.
As in Fox, we are not dealing here with one policy covering several vehicles, and, as in Fox, §32-7-23(c) is inapplicable to this case; however, stacking, which was allowed in Fox, cannot be allowed here. Unlike the daughter in State Farm Mut. Auto. Ins. Co. v.Fox, supra, who was an insured under each of the five policies by virtue of her status as a relative of the named insured, Faught was not an insured under either of the two State Farm policies at issue here. Both policies provide that an "insured" is:
 "[T]he person or persons
covered by uninsured motor vehicle coverage. *Page 923 
"This is:
 "1. the first person named in the declarations;
"2. his or her spouse;
"3. their relatives; and
"4. any other person while occupying:
"a. your car. . . ."
(Emphasis original.) "Your car" is defined in the policy as the vehicle described on the declarations page. Faught falls into none of these four categories: he was not named in the declaration, he is not the spouse of or related to any person named in the declarations, and he was not occupying either the Toyota or the Buick at the time of the wreck.
Travelers Ins. Co. v. Jones, supra, although decided shortly before State Farm Mut. Auto. Ins. Co. v. Fox, supra, presented a situation that is pertinent, as well as instructional, to this case. In Travelers Ins. Co. v.Jones, supra, the plaintiffs were passengers in a car driven by Randolph Bellamy, who had one policy with Travelers covering two cars, and they were allowed to stack the uninsured motorist coverages under that one policy. Although that case was controlled by § 32-7-23(c), the opinion made it clear that any "injured person" seeking to stack must first be an insured under a vehicle covered by the one policy. "[T]he plaintiffs, in this case, can stack because they are within the definition of an 'insured' under the terms of the uninsured motorist coverage portion of the policy, and in this case there is an additional 'coverage' for another automobile 'within such contract.' " 529 So.2d at 236 (emphasis original).
Because the cars owned by Waits and McMurray were not covered under one multi-vehicle policy and because Faught was not an "insured" under the policies on either Waits's Toyota or McMurray's Buick, and under the foregoing authorities, we conclude that the trial court erred in entering summary judgment for Faught. The trial court, on remand, is directed to enter a judgment in favor of State Farm.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.