This is an insurance stacking case. The plaintiff, Goldie Jamison, was a passenger in a 1983 Buick Regal automobile owned by her son, Graham Jamison. This vehicle was involved in an accident in Calhoun County with an uninsured motor vehicle while being operated by the plaintiff's granddaughter, Carol Jamison. The facts *Page 180 
in this case were stipulated by the parties and are set forth below.
At the time of the accident, Graham Jamison had two separate insurance policies in effect with Alfa Mutual Insurance Company (Alfa) insuring motor vehicles that he owned. One policy covered only the 1983 Buick Regal, and the other policy covered only a 1974 Ford F-100 pickup truck. Both policies contained provisions for uninsured motorist benefits of $20,000 per person and $40,000 per accident. Goldie Jamison was not a resident of her son's household, nor was she a named insured under either Alfa policy at the time of the accident, nor was she riding in the truck; therefore, she was not covered under the policy relating to the truck. Goldie had not contributed in any way to the payment of premiums on the Alfa policies.
Goldie Jamison was a named insured under another automobile liability insurance policy with Allstate Insurance Company. That policy covered a 1967 Chevrolet automobile. The Allstate policy provided uninsured motorist benefits up to a limit of $20,000 per person and $40,000 per accident.
Alfa paid Goldie the sum of $20,000, reflecting the limits for uninsured motorist coverage in the policy insuring the 1983 Buick in which she was riding at the time of the accident. Goldie has released Alfa for any amounts due her under that policy. After Alfa paid Goldie the $20,000, she made a demand upon Allstate under her own policy for uninsured motorist benefits up to $40,000. We note that the parties have stipulated that the amount Goldie is entitled to recover as damages from the owners or operators of the uninsured motor vehicle involved in the accident is exactly $40,000 and no more.
Goldie filed an action in the Circuit Court of Calhoun County against Allstate for uninsured motorist benefits. Allstate then filed a third-party complaint against Alfa, contending that Goldie was entitled to uninsured motorist benefits from Alfa under the policy covering the 1974 Ford F-100 pickup truck. Allstate contends that Goldie was required to recover the benefits from the Ford policy before she could collect any benefits from her own Allstate policy.
In order to avoid needless delay to Goldie from the determination of which insurer was to pay the additional $20,000 in benefits, Allstate paid that amount to Goldie. Goldie has released Allstate and Alfa and Graham Jamison from all claims. Alfa and Allstate have reserved all rights of subrogation that they may have against the uninsured motorist. Goldie also assigned to Allstate any demands that she may have against Alfa, and Allstate contends that even though it paid Goldie the $20,000 it is not the entity from which the $20,000 in uninsured motorist benefits were due.
The trial court dismissed with prejudice the claim of Goldie Jamison against Allstate and realigned the parties, with Allstate as plaintiff and Alfa as defendant. Both parties then filed motions for summary judgment, and a hearing was held on these motions. The trial court entered a summary judgment for Alfa and denied Allstate's motion. The court noted that Goldie, as a passenger in a vehicle insured by one policy issued by Alfa, had been paid the benefits under that policy and held that she was not entitled to stack the uninsured motorist coverage of a separate policy of insurance that covered a separate and distinct vehicle, insured by Alfa but not involved in the accident. The court further held that Goldie was entitled to recover the additional $20,000 from Allstate under the uninsured motorist provisions of her own policy. Allstate appeals.
 Issues
(1) Whether Ala. Code 1975, § 32-7-23(c), allows a passenger to stack uninsured motorist benefits from two separate policies of insurance issued by the same insurer, when she was injured while riding in a vehicle covered by only one of the policies.
(2) Whether Ala. Code 1975, § 32-7-23(c), is unconstitutional in its application to the instant facts.
(3) Whether Goldie Jamison was an insured under the terms of both policies of insurance issued by Alfa. *Page 181 
 Discussion Stacking
This Court has issued several decisions regarding the stacking of uninsured motorist benefits in various factual situations. We specifically stated in Travelers Ins. Co. v.Jones, 529 So.2d 234 (Ala. 1988), "We express no opinion on whether a passenger in a car that is covered by one policy can stack another coverage included in a separate policy" (emphasis original). The issue of the stacking of separate policies was most recently addressed in State Farm Mut. Auto. Ins. Co. v.Faught, 558 So.2d 921 (Ala. 1990), and it has again been raised for our review.
Ala. Code 1975, § 32-7-23(c), states:
 "The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract."
We determined in Travelers Ins. Co., supra, that when passengers are insured under one policy of insurance covering the vehicle in which they were riding, they may stack additional coverages of that one policy under the language of §32-7-23(c). In that case, the passengers were insured under the terms of the uninsured motorist provisions of the policy and were allowed to stack the additional coverages within that one policy up to the limitations provided in the statute.
In State Farm Mut. Auto. Ins. Co. v. Fox, 541 So.2d 1070
(Ala. 1989), Fox's daughter, a member of Fox's household, was killed while riding as a passenger in a vehicle involved in a single-vehicle accident. This Court determined that the limitations as to the number of coverages to be stacked applied only when there was one policy covering multiple vehicles. Thus, Fox was not limited by the statute to only three coverages, when there were five separate policies of insurance, but could stack enough policies to cover the amount of the judgment.
As stated above, we have determined most recently inState Farm Mut. Auto. Ins. Co. v. Faught, 558 So.2d 921 (Ala. 1990), the issue whether a passenger in another person's insured vehicle could stack uninsured motorist (hereinafter "UM") coverages of separate single-vehicle insurance policies on vehicles not owned or occupied by the passenger at the time of the injury. We determined in Faught that because the automobiles were covered by separate policies of insurance, and the passenger was not a named insured under the terms of the policies covering either vehicle, the trial court erred in allowing the passenger to stack the coverages.
There are two separate Alfa policies of insurance here covering two separate vehicles. The parties have stipulated that the passenger, Goldie Jamison, was covered by the terms of the policy of the vehicle in which she was riding. She has been paid the UM benefits under that policy. Under Faught, supra, she cannot stack the UM benefits on the other Alfa policy covering the Ford pickup truck.
Allstate contends that Goldie was denied stacking only because Alfa chose to issue separate policies on each vehicle and because she was not a resident of her son's household. It claims that the amount of UM benefits available to Goldie or to any other person injured by an uninsured motorist should not depend on whether the insurer issues a single-vehicle or a multiple-vehicle policy or whether the injured person is a resident of the insured's household. We disagree. This Court has abolished the distinction between first and second class insureds for stacking purposes in cases involvingmultiple-vehicle policies of insurance, as opposed to separate single-vehicle policies. See Travelers Ins. Co., supra.
As in Faught, the injured passenger here was not a named insured under the policy covering the vehicle in which she was injured, nor was she a resident of the named insured's household. We agree with the trial court that under the terms of the policy the coverages under the two separate Alfa policies cannot be stacked when the injured person is not a named insured *Page 182 
and is not a resident of the owner's household.
 Constitutionality of Statute
Allstate contends that it is unconstitutional to deny stacking of uninsured motorist coverages to an injured passenger who does not happen to be a resident of the named insured's household when the insurer has issued separate policies to the named insured, when stacking of those coverages would be allowed for such a passenger if the insurer had covered all of the named insured's vehicles under the same policy. Allstate further contends that to make the stacking limitation depend on whether the insurer chooses to cover several vehicles under one policy or to cover them under separate policies when there is one overall contractual relationship between the insurer and insured is also unconstitutional.
We set out the language of the statute earlier in this opinion. In Fox, supra, this Court essentially addressed the question of whether five single-vehicle policies are any different from one policy covering five vehicles. As was shown in Fox, the language of the statute is clear, that stacking is allowed when there is "any one contract of automobile insurance." When statutory language is unequivocal and unambiguous, it is to be given its plain, clear, and ordinary meaning. Fox, supra, citing Mann v. City of Tallassee,510 So.2d 222 (Ala. 1987) (further citations omitted). While we did not address the constitutionality of the statute in Fox, we pointed out clearly that the legislature directed its limitation of stacking to a single policy covering multiple vehicles.
Allstate has not provided us with any persuasive argument on this issue. It contends that substance must prevail over form when the same insurer and insured are involved. We disagree. The ability of an insurer to provide its insureds with separate policies of insurance must not be restricted. It may be, as Allstate argues, that there is "nothing inherently good or bad about either the single-vehicle policy form or the multiple-vehicle policy form"; nevertheless, the choice of which to use is a matter to be determined by the insurer and the insured as a part of the contractual relationship.
On the argument presented to us by Allstate, we cannot hold Ala. Code 1975, § 32-7-23(c), unconstitutional.
 Policy Terms
Allstate also contends that the policy language in both Alfa policies makes Goldie Jamison an "insured" to whom stacking of UM benefits must be provided. Allstate urges this Court to take a literal reading of the Ford F-100 policy, claiming that Goldie is to be considered "any other person . . . occupying" Graham Jamison's automobile. Again, we disagree.
The language of the policy defines an "insured" as:
"1. the first person named in the declarations;
 "2. his or her spouse if a resident of the same household;
 "3. their relatives who are residents of the same household; and
 "4. any other person while occupying: a. Your automobile. . . ."
Further, "your automobile" is defined as follows: "Automobile means the private passenger automobile, utility automobile, or trailer described in the declarations. . . ." Goldie Jamison was a passenger occupying the 1983 Buick, which was not described in the declarations page of the policy concerning the Ford F-100. Simply because Goldie Jamison was occupying one of Graham Jamison's automobiles, specifically the 1983 Buick, she cannot be construed to be an insured under the UM provisions of the separate policy issued for the Ford F-100 pickup.
Where there is no ambiguity in the terms of an insurance contract, it is the duty of this Court to apply its terms and enforce the contract as it is written. Upton v. MississippiValley Title Ins. Co., 469 So.2d 548 (Ala. 1985); Ranger Ins.Co. v. Hartford Steam Boiler Inspection Ins. Co.,410 So.2d 40 (Ala. 1982). Further, insurance contracts, like other contracts, are *Page 183 
construed to give effect to the intention of the parties to the contract, and when that intention is clear and unambiguous, the policy must be enforced as it is written. State Farm Mut. Auto.Ins. Co. v. Lewis, 514 So.2d 863 (Ala. 1987).
The judgment is due to be affirmed.
AFFIRMED.
SHORES, HOUSTON and KENNEDY, JJ., concur.
JONES, J., concurs in the result.