A90A2167. CHASTAIN v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.
(403 SE2d 889)

POPE, Judge.
The question presented on appeal is whether appellant John Timothy Chastain is entitled to coverage under the uninsured motorists provision of a policy of insurance issued by appellee United States Fidelity & Guaranty Company (USF&G) to Chastain's employer, Chastain & Majors, Inc. Chastain is president of Chastain & Majors, Inc., and owns 50 percent of the stock. USF&G intervened in the present case after filing a declaratory judgment in another county. In *Chastain v. U. S. Fid. &c. Co.*, 190 Ga. App. 215 (378 SE2d 397) (1989), this court held that a declaratory judgment action would not lie because all rights had accrued and all obligations had attached. The trial court granted summary judgment to USF&G in the present case and Chastain brings this appeal.

Chastain was seriously injured in an accident involving an uninsured motorist on September 25, 1986. At the time, he was on the business of Chastain & Major, Inc., and was driving a 1985 Nissan

pick-up truck he owned individually. The Nissan pick-up was insured by Chastain through a policy issued by another insurance company. The Nissan pick-up was not a listed auto on the Chastain & Major, Inc., policy issued by USF&G. Chastain argues he is covered under the corporation's policy because he was on the corporation's business and where a corporation is the named insured all individuals about the corporate entity's business would be covered. He also argues that he leased his vehicle to the corporation, thus making it a covered auto under the policy. *Held*:

We look to the contract of insurance to determine coverage. In Item One of the declarations page, the named insured is listed as Chastain & Major, Inc. Part I of the policy defines words and phrases with special meaning. Paragraph A of Part I reads: " 'You' and 'your' mean the person or organization shown as the named insured in ITEM ONE of the declarations." Item Two, Schedule of Coverages and Covered Autos, states: "This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those autos shown as covered autos. Autos are shown as covered autos for a particular coverage by the entry of one or more of the symbols from Item Three next to the name of the coverage." The policy lists the symbol "2" in the column describing the covered autos having uninsured motorists insurance. Item Three of the declarations defines the symbol "2" as follows: "OWNED AUTOS ONLY. Only those autos you own. . . ." The schedule of covered autos attached to the declarations page lists a 1970 Ford van, a 1972 International Loadster and a 1979 GMC P/U. The endorsement for uninsured motorists insurance provides in pertinent part: "WHO IS INSURED. 1. You or any family member. 2. Anyone else occupying a covered auto or a temporary substitute for a covered auto."

Applying the facts to the language of the insurance contract, we conclude that Chastain was not covered under the uninsured motorists provisions. Only the named insured, the corporation, or a person occupying a covered auto as defined by the policy were insured under the policy for uninsured motorists coverage. Chastain was not an insured under the policy for purposes of uninsured motorists insurance because he was neither the named insured nor did he occupy a covered auto pursuant to the policy. We cannot agree with Chastain that he and the corporation are the same because he was on corporate business at the time of the accident. Even accepting Chastain's abstractly correct statement that a corporation can only act through its officers or employees, we cannot conclude this means they are one and the same. See *Hogan v. Mayor &c. of Savannah*, 171 Ga. App. 671 (2), (3) and (5) (320 SE2d 555) (1984). The corporation was the only named insured listed on the policy. Thus, Chastain was not a named insured

under the policy.

Nor was Chastain's 1985 Nissan a covered auto under the policy. It was not listed as one of the three vehicles listed on the schedule of covered autos attached to the policy. The provision for uninsured motorists insurance on the declarations page designated coverage only for autos owned by the insured. The corporation did not own the 1985 Nissan pick-up; Chastain did, individually. Chastain argues he rented or leased the 1985 Nissan pick-up to Chastain & Majors and this makes the vehicle covered because "owned vehicle" is not defined in the policy. However, the policy specifies categories for autos that are "leased" and "hired," and thus contemplates a clear difference between those categories. Under the policy, the only provision that would have covered Chastain's truck is if the corporation used Chastain's truck without leasing it or renting it. Item Three of the declarations provided a category that might have fit: "9 = NONOWNED AUTOS ONLY. Only those autos you do not own, lease, hire or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business. . . ." However, nothing in the policy provides uninsured motorists coverage for an auto owned by an employee which is leased to the corporation. It is not a risk covered by the policy. Nor is such coverage mandated by OCGA § 33-7-11. "An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." (Citation and punctuation omitted.) *Wilson v. Cotton States &c. Ins. Co.*, 183 Ga. App. 353, 354 (358 SE2d 874) (1987). The language of the policy is clear. Summary judgment in favor of USF&G was proper.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 14, 1991.

*Weiner, Dwyer, Yancey & Mackin, J. Matthew Dwyer, Jr.*, for appellant.

*Alexander & Vann, William C. Sanders, William E. Cannon, Jr.* for appellees.

William K. Oliver, *pro se.*