This certified question arises from an action to recover the $375,000 death benefit applicable to Mr. Jordan under a group accidental death insurance policy. Prejudgment interest is awarded in Alabama when the amount due is certain or capable of being made certain. State Farm Mutual Automobile Insurance Co.v. Fox, 541 So.2d 1070 (Ala. 1989). Prejudgment interest is recoverable in this action. This is not contested by Reliable. However, Reliable contends that Alabama's 6% per annum prejudgment interest rate is applicable(Ala. Code 1975, § 8-8-1) and that the 12% per annum interest rate on judgments is applicable (Ala. Code 1975, § 8-8-10). In its brief, Reliable states that it has fulfilled these obligations by paying to Ms. Jordan, as beneficiary, some $153,000 in interest.
It appears to me that our inquiry should be whether the legislature intended for the 18% per annum rate to apply to claims under health and accident insurance policies in lieu of the prejudgment interest and post-judgment interest rates provided for by the above-referenced Code sections. If not, then clearly the 18% per annum interest would be punitive, for it would be something in addition to the prejudgment and post-judgment interest rates that compensate for the loss of the use of the insurance benefit payable under the insurance policy. I agree with Justice Almon's special concurrence — that the 18% per annum rate of interest provided for in §27-1-17 was intended by the legislature to compensate for the loss of the use of the insurance benefits payable under the policy. The legislature intended for this rate of interest to be applied to claims under health and accident insurance policies, in lieu of the 6% per annum prejudgment interest and the 12% per annum interest on judgments applicable to other claims.
It is my understanding that Reliable has made no equal protection challenge to Ala. Code 1975, § 27-1-17, under the14th Amendment to the United States Constitution; if it had done so, the question would be a matter to be resolved by the 11th Circuit Court of Appeals. There is no equal protection afforded by the Constitution of Alabama of 1901. See Moore v.Mobile Infirmary, [Ms. 89-1087, September 27, 1991] 1991 WL 190574 (Ala. 1991) (Houston, J., disagreeing with the rationale of the Court's opinion, but concurring in the result).