**Timothy J. OTT, Plaintiff/Appellant,**

v.

**FIREMEN'S FUND INSURANCE CO. and Cathy Crane, Defendants/Respondents.**

No. 70226.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 26, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1997.

Timothy L. Hill, St. Louis, for plaintiff/appellant.

Ruth A. Przybeck, Kleinschmidt, Przybeck & Frayne, St. Louis, for defendants/respondents.

GERALD M. SMITH, Judge.

Plaintiff, Timothy Ott, appeals from a summary judgment in favor of defendant, Firemen's Fund Insurance Company, decreeing that its policy of insurance issued to Commercial Maintenance Services, Inc. did not provide uninsured motorist coverage to plaintiff, president of Commercial Maintenance. We affirm.

Ott was injured when he was struck by an automobile operated by Cathy Crane while he was walking across a parking lot at a restaurant in the early morning. He was walking to an automobile owned by Commercial and furnished to him for his use. At the time of the accident he was approximately six to eight car spaces from the automobile he was using. He filed a petition against Crane and Firemen's for injuries he sustained in the accident. After the summary judgment was entered in favor of Firemen's, a judgment against Crane in the amount of $150,000 was entered. At the time of the accident Crane was uninsured. Ott collected the policy limits on his personal insurance policy.

Firemen's policy provides:

**A. COVERAGE**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result

from the ownership, maintenance or use of the "uninsured motor vehicle"...

### B. WHO IS AN INSURED

1. You

2. If you are an individual, any "family member".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered. "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

"You" and "your" under the policy refer to the named insured. The trial court found that Commercial Maintenance was the named insured under the policy and was therefore the "you" referred to in the "Who is an Insured" provisions of the policy. As the corporation was not an individual the second paragraph of those provisions did not apply. The court found plaintiff was not occupying the covered vehicle at the time of the accident. The court further found that the majority of jurisdictions to consider the question have held that a shareholder of a close or family corporation is not "a named insured" under the policy where the corporation is the named insured. The court found plaintiff was not covered by the policy provisions.

Plaintiff makes no contention that he was "occupying" the insured vehicle at the time of his accident. It is his contention that the provisions of the policy are ambiguous as to who the insureds were under the policy. The thrust of that contention is that he was designated as one of the permitted drivers in the declarations and that his driving record was considered in setting premiums.

We do not find those matters relevant to the issue of whether the policy provides coverage for injuries caused by uninsured motorists. The policy is quite clear that the coverage afforded is to the named insured— the corporation—and to persons injured while occupying the vehicle. Plaintiff was neither. Under Missouri law, if the policy is unambiguous, it is to be enforced as written absent a statute or public policy requiring coverage. *Rodriguez v. General Accident Insurance Company of America*, 808 S.W.2d 379 (Mo.banc 1991) [2–5].

As recognized by the trial court the majority of jurisdictions have held that an officer or shareholder of a close corporation, which Commercial Maintenance is, is not a named insured of a policy issued to the corporation. *See e.g., Chastain v. United States Fidelity & Guaranty*, 199 Ga.App. 86, 403 S.E.2d 889 (1991); *Meyer v. American Economy Insurance Co.*, 103 Or.App. 160, 796 P.2d 1223 (1990) (Cited with approval in *McMurtry v. Aetna Casualty. & Surety Co.*, 845 S.W.2d 700 (Mo.App.1993)). We find, as the trial court did, that those authorities are persuasive.

Plaintiff contends that because a corporation cannot suffer personal injury and cannot have a family that the policy is illusory. Initially we note the policy is a liability policy with uninsured motorist coverage, not simply an uninsured motorist policy. Additionally the coverage is not illusory. The policy provides for uninsured motorist coverage for occupants of the insured vehicle. It does not provide coverage for non-named insureds who are not occupying the vehicle at the time of injury but who have permission to operate the vehicle. In short, it does not provide owner coverage to persons who are not, in contemplation of law, owners. In *McMurtry, supra,* we recognized the difference between the coverage provided to an owner and that provided to persons using the vehicle with permission. Plaintiff also contends that the coverage is contrary to regulations of the Missouri Joint Underwriting Association. It is not. It provides for uninsured motorist coverage for the owner of the vehicle and an operator while occupying the vehicle. That is all the regulations require. At the time of the accident plaintiff was neither the owner nor the operator of the vehicle.

Judgment affirmed.

CRANE, P.J., and PUDLOWSKI, J., concur.