This case involves "stacking" of underinsured motorist benefits. Jesse Bright brought a declaratory judgment action (CV-96-610), pursuant to § 6-6-220 et seq., Ala. Code 1975, against State Farm Insurance Company, seeking a declaration that he is entitled to stack underinsured motorist benefits from four single vehicle policies issued to Cope Systems, Inc. d/b/a/Ace Pest Control and on a fleet policy issued to Guaranty Pest Control, all of which were issued by State Farm. Bright was injured in an automobile accident while he was driving a vehicle owned by Cope Systems, Inc. d/b/a/Ace Pest Control. The Ace vehicle was struck by a City of Bessemer garbage truck. As a result of the accident, Bright was totally disabled. Bright then filed a second action (CV-97-150) seeking underinsured motorist benefits under the same State Farm policies that are the subject of the declaratory judgment action. State Farm filed a motion to consolidate; the circuit court did not enter a ruling on the motion.
Both State Farm and Bright moved for summary judgment, entering a joint stipulation of fact in which it was agreed that at the time of the accident, Bright was an employee of Guaranty and on an assignment for Ace. The trial court entered a judgment, finding that Bright was not entitled to stack under the Ace policies or the Guaranty policies because he was not included within any of the categories defined as insureds except as an occupant of the vehicle covered by the policy which had already paid him. The trial judge's order stated in pertinent part:
"FACTS
 "Jesse Bright was injured in an automobile accident on March 7, 1995 with a City of Bessemer garbage truck. The parties stipulated that he was employed by Guaranty Pest Control on that date performing an assignment for Ace Pest Control driving a vehicle owned by Ace Pest Control. The City of Bessemer paid the municipal liability limits and State Farm paid the underinsured policy limits on the policy insuring the Ace vehicle he was driving.
 "State Farm paid on Ace's policy because Bright was a permissive occupant. They denied coverage on the other three Ace single vehicle policies on the ground that Bright was not a named insured and therefore not entitled to stack under the policy and Alabama law. Bright also made a claim under the Guaranty fleet policy claiming he should be able to *Page 1113 
stack three vehicles under the Alabama Code. State Farm denied coverage, asserting Bright was also not covered under the Guaranty policy because he was not a named insured. Ace and Guaranty are both corporations and are the only insured listed on the declarations page.
 "All policies mentioned above define an `insured' for uninsured coverage as follows:
"`Who is an Insured
 "`Insured — means the person or persons covered by uninsured motor vehicle coverage.
"`This is:
"`1. the first person named in the declarations;
"`2. his or her spouse;
"`3. their relatives; and
"`4. any other person while occupying;
 "`a. your car[1], a temporary substitute car, a newly acquired car or a trailer attached to such car. Such vehicle has to be used within the scope of the consent of you or your spouse; or
 "`b. a car not owned by you, your spouse or any relative, or a trailer attached to such a car. It has to be driven by the first person named in the declarations or that person's spouse and within the scope of the owner's consent.
 "Such other person occupying a vehicle used to carry persons for a charge is not an insured.
 "`5. Any person entitled to recover damages because of bodily injury to an insured under 1 through 4 above."
"ANALYSIS
 "The Court will consider Jesse Bright an employee of both Ace and Guaranty at the time of the accident for purposes of this analysis. The Ace and Guaranty policies will be analyzed separately.
"I. ACE POLICIES
 "Ace Pest Control is shown as the named insured on the declarations page of all three Ace policies in which State Farm denied coverage. Plaintiff argues that the policy is ambiguous and therefore should be construed against the draftsman, State Farm, and should be construed in favor of coverage. Plaintiff argues that a corporation is not a person, has no spouse or relatives and can't sustain bodily injury. He argues that corporations can only act through officers, directors, shareholders or, as in this case, employees. Therefore when a corporation is listed as the named insured overage should include employees as the `person named in the declaration.'
 "Defendant argues that a permissive occupant receives uninsured motorist coverage for the State Farm vehicle they are occupying. State Farm claims this is the only uninsured motorist coverage provided when the policy is issued to a corporation and has no other named insured. Counsel for State Farm admitted in an argument that there would be no situation in which the Ace policies could be stacked under this interpretation.
 "This issue appears to be one of first impression in the State of Alabama. There are a number of decisions from other states. Some of these cases involve employees and some involve either an officer, director or shareholder of a closely held corporation. In either case the Plaintiff is seeking coverage of a person arguing that a policy which names a corporation that is not a person, spouse or relative and cannot sustain personal injury is ambiguous. Plaintiff argues that the parties to the contract must have intended to insure officers, *Page 1114 
director, shareholders or employees of the corporation.
"A Missouri appellate court facing this issue for the first time noted,
 "`The clear majority of cases from other jurisdictions hold occupancy restriction in uninsured (and underinsured) motorist insurance coverage valid where the corporation is named insured in the policy and the injured employee is a permissive user of the automobile who is injured when not occupying the automobile. See generally Barnes v. [Thames, 5] 78 So.2d 1155 (La.App. 1991); Davis v. Brock, 602 So.2d 104 (La.App. 1992); [Sproles v. Greene], 329 N.C. 603, 407 S.E.2d 497
(1991) (underinsurance context); Chastain [v]. United States Fidelity G[uar]. Co., 199 Ga. App. 86, 403 S.E.2d [889] (1991); Sears v. Wilson, 10 Kan. App. 2d 494, 704 P.2d 389 (1985); But cf. Hager v. American West Insurance Company, 732 F. Supp. 1072
(D.Mont. 1989); Decker v. CNA Ins. Co., 66 Ohio App.3d 576, 585 N.E.2d 884 (1990).'
 McMurtry v. Aetna Casualty Surety Company, 845 S.W.2d 700, 702-03 (Mo.App. 1993).
 "This Court will follow the majority view and hold that employees are not named insureds when the corporation is named as the insured and finds that Plaintiff is not entitled to stack the Ace policies.
"II. GUARANTY POLICY
 "The Court finds that Plaintiff is not an insured under the terms of the policy with Guaranty. Plaintiff simply does not fit within the definition. Plaintiff relies on American Ins. Co. v. Thompson, 643 So.2d 1350 (Ala. 1994) but this case is distinguishable because of different policy language.
"JUDGMENT
 "The Court finds that there is no genuine issue of material fact and that the Defendant, State Farm Insurance Co., is entitled to judgment as a matter of law. Costs taxed as paid. . . ."
Bright filed notice of appeal from this judgment.
On March 7, 1995, Bright was driving a 1993 Isuzu owned by Ace Pest Control when the vehicle was involved in an automobile accident with a City of Bessemer garbage truck. Bright ran a full time pest control route with Ace and acted as a "swingman" with Guaranty. At the time of the accident, an employee/employer relationship existed between Bright and Guaranty. At the time of the accident, Bright was performing an assignment for Ace.
Ace and Guaranty had five policies of insurance issued by State Farm that were in effect on the date of the accident:
 1) Policy number 518 4249-A23-01. The named insured on this policy was Ace, and it covered the 1993 Isuzu Bright occupied at the time of the accident.
 2) Policy number 333 8441-E30-01F. The named insured on this policy was Ace, and it covered a 1990 Isuzu.
 3) Policy number 335 3829-011. The named insured on this policy was Ace, and the policy covered a 1993 Mercury.
 4) Policy Number 381 3531-D20-01G. The named insured on this policy was Ace, and the policy covered a 1993 Ford.
 5) Policy Number F30 0276-D30-01. The named insured on this policy was Guaranty, and it covered a fleet of vehicles.
State Farm paid Bright the $20,000 policy limits for underinsured motorist benefits on the first policy shown above, the 1993 Isuzu that he occupied when the accident occurred.
Bright contends that under § 32-7-23(c), Ala. Code 1975, he is allowed to stack coverage under the policies issued to Ace and Guaranty. Section 32-7-23(c) provides as follows: *Page 1115 
 "(c) The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract."
The trial judge based his ruling disallowing stacking on the fact that Bright did not occupy any of the other vehicles. Since Bright was not a named insured, the trial judge reasoned that the only way he could fit the definition of "insured" was by his use or occupancy of an insured vehicle, and that Bright was not an occupant of any of the vehicles under which he seeks to stack coverage. Therefore, the trial judge determined that Bright is not entitled to stack those policies.
Bright argues first that an ambiguity was created in the policies at issue, because the policies were issued to a corporation, but contained language referring to individuals. Other jurisdictions have interpreted such policy language and found the policy language to be clear, providing for uninsured and underinsured motorist coverage for occupants of the insured vehicles. Ott v. Firemen's Fund Ins. Co., 936 S.W.2d 165, 166
(Mo.App. 1997).
The record reflects that Bright is an injured permissive user of a corporately owned vehicle. The declarations page of all four insurance policies issued by State Farm to Ace Pest Control show "Cope Systems, Inc. d/b/a/Act Pest Control" as the named insured. The policy issued by State Farm to Guaranty shows "Guaranty Pest Control, Inc." as the named insured.
This Court has issued several decisions regarding the stacking of uninsured motorist benefits in various factual situations. Because Bright is not a named insured on any of the policies issued to Ace and is not a member of any of the categories of insureds stated by the policy except category 4 for the occupants of the particular insured vehicle, he becomes an insured only by his use or occupancy of an insured vehicle.Nationwide Mut. Ins. Co. v. United Services Auto. Ass'n,359 So.2d 380 (Ala.Civ.App. 1977); State Farm Mut. Auto. Ins. Co. v.Faught, 558 So.2d 921 (Ala. 1990); Allstate Ins. Co. v. Alfa Mut.Ins. Co., 565 So.2d 179 (Ala. 1990). Here, Bright occupied the 1993 Isuzu and thus is covered under only that one Ace policy. As to the policy issued to Guaranty, there is no policy language that extends the named insured status to persons occupying borrowed vehicles. We agree with the trial court that American Ins. Co. v.Thompson, 643 So.2d 1350 (Ala. 1994), is distinguishable because of different policy language. Thus, the trial court did not err in holding that stacking was unavailable to Bright on the Guaranty policy and the Ace policies on vehicles he did not occupy.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] Each policy defines "your car" as "the car or the vehicle described on the declarations page."