ROBERTSON, Presiding Judge.
On October 31, 1994, while acting in the line and scope of his employment as a salesman, Joseph M. Saunders was injured in an automobile collision with an uninsured motorist, June Marie Crase; at the time, Saunders was operating a 1989 model Chevrolet DMT4 truck owned by his supervisor, Lamar Hallford, and insured by Alfa Mutual Insurance Company (“Alfa”). In addition to insuring Hallford’s 1989 truck, Alfa had issued separate policies of insurance with respect to two other vehicles owned by Hallford, a 1989 model BMW 325i automobile and a 1987 Ford Taurus automobile. Each of these policies of .insurance provided for uninsured-motorist (UM) insurance coverage in the amount of $20,000 per person and $40,000 per accident.
Saunders and his wife sued Crase, Alfa, and two other insurers for damages based on Saunders’s injuries incurred in the October 31, 1994, collision. The complaint contains three counts: (1) a count brought by Saunders alleging negligence and wantonness on the part of Crase; (2) a count brought by Saunders against Alfa and the other insurers seeking “all sums ... [Saunders] should be legally entitled to recover as damages ... because of bodily injury or property damages sustained by” him and members of his household; and (3) a count brought by Saunders’s wife in which she alleged a loss of consortium. The Saunderses moved for a partial summary judgment regarding the monetary limitations of the UM insurance coverage to which Saunders might be entitled, and Alfa moved for a partial summary judgment limiting its coverage exposure to the $20,000 UM limit under the policy covering the 1989 Chevrolet truck. The trial court entered a partial summary judgment in favor of Alfa, limiting Saunders’s claim against Alfa to the coverage provided by the policy on the 1989 Chevrolet truck. The trial court then purported to direct the entry of a final judgment, pursuant to Rule 54(b), Ala.R.Civ.P., as to that partial summary judgment, and the Saunderses appealed.[1]
Saunders[2] contends that under White v. Georgia Casualty & Surety Insurance Co., 520 So.2d 140 (Ala.1987), and Canal Indemnity Co. v. Burns, 682 So.2d 399 (Ala.1996), the trial court erred in limiting him to recovering only under the policy of insurance covering the 1989 Chevrolet. Alfa contends that under State Farm, Mutual Automobile Ins. Co. v. Faught, 558 So.2d 921 (Ala.1990), Allstate Insurance Co. v. Alfa Mutual Insurance Co., 565 So.2d 179 (Ala.1990), and Bright v. State Farm Insurance Co., 767 So.2d 1111 (Ala.2000), the trial court properly entered the partial summary judgment; it argues that Saunders was not an insured under the provisions of the Alfa policies respecting the 1989 BMW and the 1987 Ford because he was not occupying those vehicles at the time he was injured.
We regret that we cannot address the substantive merits of the parties’ contentions, because we lack jurisdiction to do so.[3] In Ex parte Simmons, [Ms. 1980570, *986 Aug. 11, 2000] — So.2d-(Ala.-2000), the Alabama Supreme Court considered whether an appellate court may properly review a partial summary judgment that addresses some, but not all, elements of damages that a party may recover on a single claim. The Supreme Court answered that question in the negative:
“Rule 54(b) does not contemplate an order purporting to make final an order disposing of only part of a claim. Ex parte Kimberly-Clark Corp., 779 So.2d 178 (Ala.2000). Rule 54(b) applies only to entire claims, not to orders relating to the recoverability of some, but not all, of the damages a party may be seeking as the result of a claim. Haynes v. Alfa Fin. Corp., 730 So.2d 178 (Ala.1999). As we stated in Haynes, ‘for a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party.’ Id. at 181.... The partial summary judgment on the question of damages is an interlocutory order that is ‘subject to revision at any time’ and therefore is not appeal-able. Rule 54(b).”
— So.2d at-. Notably, the trial court in Simmons, as in this case, had attempted to allow immediate appellate review of the quantum of damages awardable on a breach-of-contract claim by directing the entry of a final judgment pursuant to Rule 54(b); nevertheless, the Supreme Court concluded that this court erred in reaching the merits of the parties’ contentions in that case.
In this case, Saunders brought a single claim against three different insurers for UM insurance benefits. Although the trial court has limited the recoverable damages under that claim to a certain extent, the trial court has not fully adjudicated Saunders’s claim as it relates to Alfa. Neither has that court adjudicated all of the remaining claims of Saunders and his wife against the other defendants. Thus, the judgment of the trial court is not a final judgment within the appellate jurisdiction of this court (see § 12-22-2, Ala.Code 1975), and we must dismiss the appeal ex mero motu. See Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974).
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. The amount in controversy is $40,000, the amount of the person policy limits under the UM provisions of the Alfa policies insuring the 1989 BMW and the 1987 Ford; thus, under § 12-3-10, Ala.Code 1975, this court is the proper appellate court.

. Because Saunders’s wife's claim has not been adjudicated, she has no standing to appeal (see S.W.M. v. D.W.M., 723 So.2d 1271 (Ala.Civ.App.1998)); thus, we refer to the contentions as being made by Saunders alone.

.‘'[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ. *986 App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).